## CINCINNATI TRACTION BLDG. CO. v. PULLMAN–STANDARD CAR MFG. CO.

### No. 1079.

District Court, D. Delaware.

Nov. 15, 1938.

Edwin D. Steel, Jr., of Wilmington, Del. (Hugh M. Morris, of Wilmington, Del., and H. A. Toulmin, H. A. Toulmin, Jr., and Rowan A. Greer (of Toulmin & Toulmin), all of Dayton, Ohio, on the brief), for plaintiff.

William G. Mahaffy and Herbert L. Cohen, both of Wilmington, Del. (L. B. Mann [of Gillson, Mann & Cox] of Chicago, Ill., on the brief), for defendant.

NIELDS, District Judge.

Motion by plaintiff to dismiss bill of complaint without prejudice. Defendant opposes plaintiff's motion on the ground that dismissal of action should be with prejudice to the right of plaintiff to bring another suit against defendant involving the same subject matter, or if the bill be dismissed without prejudice, it should be on condition that plaintiff pay the taxable costs and the necessary expenses defendant has incurred (including attorneys' fees) in defense of the action. At the hearing defendant presented an affidavit showing outlays in preparation for the defense aggregating $12,089.99.

The new Federal Rules of Civil Procedure apply.

Rule 41(a) (2): " * * * an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. * * * Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." 28 U.S.C.A. following section 723c.

October 1, 1934 the bill of complaint was filed. October 22 defendant obtained an order extending the time for filing answer. April 23, 1935 a stipulation was made between the parties as to the alleged infringing devices including numerous blueprints. May 2, defendant filed its answer pleading certain special defenses besides the usual ones. May 27, defendant moved that a special defense alleged in the answer be set down for separate hearing. August 8, after a hearing, the court denied defendant's motion.

May 21, 1935 plaintiff filed 22 interrogatories to be answered by defendant. June 3, objections were filed to all the interrogatories except two, which defendant answered. August 8, the court heard the objections and afterwards briefs were submitted. June 17, 1936 the court overruled objections 3 to 16 and sustained the remaining. June 25, defendant filed its answer to interrogatories 3 to 16.

February 5, 1936 defendant took a deposition in Milwaukee of 45 pages with 10 exhibits. On the following day defendant took a deposition in Chicago of 29 pages with 11 exhibits. April 1, defendant took a deposition in Chicago of 16 pages with 8 exhibits. Later defendant took another deposition at Granite City, Ill., of 47 pages with 34 exhibits. Counsel for plaintiff cross-examined the witnesses in all four depositions.

Plaintiff has chosen the forum and has required defendant to answer and prepare

its defense at great expense. In such case defendant is entitled to have the controversy finally adjudicated so that it **may** definitely know its rights. Under the new Federal Rules of Civil Procedure the court is given the discretion to dismiss or not to dismiss the action. In the exercise of this discretion the court will deny the motion to dismiss this action without prejudice.