## FORSTNER CHAIN CORPORATION v. GEMEX CO.
### No. 566.

District Court, D. New Jersey.
Jan. 22, 1940.

Nathaniel Frucht, of Providence, R. I., for plaintiff.

Blair, Curtis, Dunne & Hayward, by John C. Blair, of New York City, and Bernard M. Shanley, III, of Newark, N. J., for defendant.

FAKE, District Judge.

During the noon recess I went over the brief that has been filed here by the attorney for the plaintiff on this question of a dismissal of the counterclaim, and I incline to the view, for the reasons set forth in that brief, that the counterclaim in this case should be stricken.

It appears that the owner of the patent is not before the Court, and it may well be that under the issues raised in the counterclaim there would be issues which would be beyond the issues that are raised on the action before the Court, which is one instituted by an assignee of a chose in action, for a specific violation of the patent. Moreover, I find upon reading the counterclaim that it contains a clause which leads to the field of unfair competition, and the question of the proper joinder of parties would therefore be involved, and the owner of the patent is an indispensable party to such a counterclaim, in my humble opinion. But the real, prompting basis of my conclusion that the counterclaim should be dismissed is this: The complaint and answer raise all of the issues which should properly come before the Court in this case. Assuming that the counterclaim was filed for the purpose of preventing the plaintiff from withdrawing his cause of action, after answer filed and under Rule 41, Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, the action cannot be withdrawn without the consent of the Court, and I can't conceive that the Court would permit, in view of what is disclosed by the complaint and the answer, this cause of action to be thus lightly dealt with. The Court undoubtedly would hold it, if the defendant so desired. At least that would be my conclusion; because I have always felt under this Rule that where the defendant had set up a cause of action that he wanted threshed out, whether by way of answer or counterclaim, certainly the plaintiff should not be able to run away and leave the defendant

116

in a bad position for having prepared himself to defend here, or for the purpose of getting in some other jurisdiction. There again the Court would frown upon that, in view of the state of the pleadings in this case.

The motion therefore to dismiss the counterclaim is granted for the reasons set forth in the plaintiff's memorandum.