**LACKNER CO., Inc., et al. v. QUEHL SIGN CO.**

**No. 9657.**

Circuit Court of Appeals, Sixth Circuit.

Dec. 7, 1944.

Theodore Greve and Marston Allen, both of Cincinnati, Ohio (Allen & Allen, of Cincinnati, Ohio, on the brief), for appellants.

Frank Zugelter, of Cincinnati, Ohio (Zugelter & Zugelter, all of Cincinnati, Ohio, on the brief), for appellee.

Before SIMONS, ALLEN, and MARTIN, Circuit Judges.

ALLEN, Circuit Judge.

This appeal involves the right of a defendant in a patent infringement suit who has filed a counterclaim attacking the validity of the patent, to have that question determined after the plaintiffs have moved to dismiss the suit with prejudice and have offered to grant the defendant a free license.

The bill of complaint charged the infringement of Fensom and Green Patent 1,-

850,319, granted to the Claude Neon Electrical Products Corporation, Ltd., under which the plaintiff the Lackner Company, Inc., is a licensee for a number} of states. The answer denied infringement, asserted invalidity, and was amended to include a defense of license. Subsequently the defendant filed a counterclaim which by reference adopted all of the allegations of the complaint admitted in the answer, all the allegations of the answer, and prayed for a declaratory judgment adjudging the patent in suit invalid and for other equitable relief. Depositions mainly on the question of validity were taken by the defendant in Illinois, Pennsylvania and Ohio. When the case came on for hearing the plaintiffs in open court offered the defendant a free paid-up license under the Fensom and Green patent, and forgiveness for all past infringement, and consented to the dismissal of the complaint and counterclaim with prejudice at the plaintiffs' costs. The defendant refused to accept the plaintiffs' offer and the court later overruled the motion to dismiss. At the final hearing counsel for the plaintiffs stated that they would present no evidence since the court no longer had jurisdiction. Counsel for the defendant proceeded under the counterclaim, introducing evidence in the form of patents relied on as anticipatory, and depositions theretofore taken which were claimed to show prior public uses of the device covered by the patent. The court entered judgment, finding the patent void for want of invention.[1]

Plaintiffs contend that because of the offer to dismiss with prejudice and to give free license and forgiveness for past infringement, no controversy exists between the parties; that the District Court has no jurisdiction of the subject matter because the Declaratory Judgment Act requires the existence of "an actual controversy," and that the judgment on the counterclaim must therefore be set aside. They also contend that the court committed reversible error in receiving proof as to invalidity of the patent where no proof of infringement was introduced.

■ The controlling question is whether any controversy existed, for otherwise the District Court is without jurisdiction to grant declaratory relief. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826; E. W. Bliss Co. v. Cold Metal Process Co., 6 Cir., 102 F.2d 105.

■ Plaintiffs rely on Larson v. General Motors Corp., 2 Cir., 134 F.2d 450, 453, as supporting their contentions. In this case the Second Circuit struck out a declaration of the District Court finding a patent invalid on a counterclaim after it had entered judgment dismissing a cause of action based on infringement, on the plaintiffs' stipulation that the defendant had not infringed the patent. It held that after the plaintiffs' consent to the dismissal of the first cause of action "the situation changed; and only the most shadowy controversy over the validity of the patent thereafter remained." The court did not decide that the dismissal of the first cause

---

[1] The court found that the defendant filed the following evidence:

I. Depositions and exhibits for proving prior and public use in 1926 and 1927 at Waukegan, Illinois, a sign referred to as the Waukegan public use sign and embodying the disclosure of the Fensom and Green patent in suit.

II. Depositions and exhibits for proving prior and public use in 1926 and 1927 at Philadelphia, Pa., a sign referred to as the Philadelphia or Brilliant Mfg. Co., public use sign and embodying the disclosure of the Fensom and Green patent in suit.

III. Depositions and exhibits for proving prior and public use as early as July, 1928, at Chicago, Illinois, plant of the Stewart Warner Company, of anticipating devices and drawings thereof, which are referred to as the Chicago-Rava-Stewart Warner public use.

IV. Various anticipating patents that were not previously considered either in the prosecution of the application that matured into the Fensom and Green patent in suit, or in any litigation determinative of the question of invalidity of said patent in suit. Said anticipating patents being as follows:

a—Prouty No. 1,671,741.
b—Feraud No. 1,097,922.
c—Hotchner No. 1,803,706.
d—British patent No. 202–276 to Vercellino.

V. A certified copy of the file wrapper of the Fensom and Green patent in suit.

The court found that more than two years prior to July 17, 1929, the filing date of the Fensom and Green patent, 1,850,319, there was existent in public use in the city of Waukegan, Illinois, a sign which disclosed, anticipated and invalidated claims 1, 2, 3, 4 and 5 of the patent, and because of the existence of this sign, its structure and functioning, held that the patent in suit lacked patentable novelty.

of action deprived the court of the "already existing jurisdiction," but held that even if the court retained jurisdiction, the circumstances made any exercise of it improper.

This court, in Landis Machinery Co. v. Chaso Tool Co., Inc., 141 F.2d 800, held that under certain circumstances not presented here, the courts may decline to pass upon the validity of patents. We think, however, that in the instant case there was no abuse of discretion in adjudicating the question. Our conclusion is based partly upon the difference between the record in the Larson case and that of the instant case, and partly upon the public policy involved. It does not appear whether, prior to the motion to dismiss, extensive depositions had been taken in the Larson case, as here. But our decision does not rest upon any preponderance of equity in favor of the defendant. Of more significance is the fact that in the Larson case the plaintiffs admitted noninfringement. Here, while the plaintiffs offered to grant a free license and to dismiss the action with prejudice, they did not admit noninfringement, but forgave past infringement, and therefore continued to assert that the defendant had infringed. Hence the defendant is still entitled to attack the validity of the patent through an application for declaratory judgment. Alfred Hoffman, Inc., v. Knitting Machines Corp., 3 Cir., 123 F.2d 458; Lances v. Letz, 2 Cir., 115 F.2d 916.

■■ We are aware that the Supreme Court has recently held that to hold a patent valid if it is not infringed is to decide a hypothetical case. Altvater v. Freeman, 319 U.S. 359, 363, 63 S.Ct. 1115, 87 L.Ed. 1450. In that case there was a decision of noninfringement, but nevertheless the Supreme Court held that the counterclaim attacking validity was not disposed of by dismissal of the bill. Here, as pointed out, there has been no decision of noninfringement, and infringement is still asserted. Also the public aspect of the question calls for a decision on the counterclaim, just as in the Altvater case. The exclusive right conferred by a patent is a monopoly permitted only because of the public benefit to be derived from the invention. The maintenance of the public interest is the dominant concern of the patent law; profit to the patentee is secondary. Densmore v. Scofield, 102 U.S. 375, 378, 26 L.Ed. 214; Kendall v. Winsor, 62 U.S. 323, 328, 21 How. 322, 16 L.Ed. 165; United States v. Masonite Corp., 316 U.S. 265, 278, 62 S.Ct. 1070, 86 L.Ed. 1461. Moreover, as pointed out in the concurring opinion in Aero Spark Plug Co., Inc., v. B. G. Corp., 2 Cir., 130 F.2d 290, 293, the public interest in patent cases must at present be defended by the private litigant. The patent law does not authorize nor make provision for the assertion of invalidity of patents by any public representative; yet the public interest requires that issues of this kind, seriously raised, should be litigated and decided. While Altvater v. Freeman, supra, involves facts which are slightly different, we think that the decision supports our conclusion. It was there held that in spite of the finding that the reissue patents in suit were not infringed, the controversy between the parties on the counterclaim which attacked the validity of the reissue patents did not come to an end. Here, as there, the dispute of the parties went far beyond the particular accused device involved in the suit. It involved the very existence of the patent right.

■ In addition, we think the case is squarely controlled by Rule 41(a)(2) of the Federal Rules of Civil Procedure, 28 U. S.C.A. following section 723c, which provides, "If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court." Here the counterclaim was pleaded several months prior to the plaintiffs' motion to dismiss, and the defendant objected to the dismissal of the action.

■ We conclude that the District Court had jurisdiction, and did not err either in the admission of evidence, or in rendering judgment holding the patent invalid.

The judgment is affirmed.