**WHITE et al. v. E. L. BRUCE CO.**

Civil Action No. 406.

District Court, D. Delaware.

Oct. 17, 1945.

Defendant charged plaintiffs with infringement of patents Nos. 2,341,161 and 2,288,585. Plaintiffs then filed suit under the Declaratory Judgment Act, 28 U.S.C.A. § 400. In its answer defendant counterclaimed and charged additional infringement of patent No. 2,276,253. Plaintiffs answered the counterclaim, denied infringement, and contended '253 is invalid. In April, 1945, in the course of taking depositions, defendant concluded since plaintiffs' infringement of '253 was of such short duration—inconsequential from the point of view of damages—and as plaintiffs had abandoned the use of the infringing apparatus covered by '253, to seek to withdraw '253 from its counterclaim. Plaintiffs object and contend that '253 should not be withdrawn from adjudication, but if defendant's motion is granted, then under Rule 41 of the Federal Rules of Civil Procedure it should only be upon the condition that defendant reimburse plaintiffs for their entire expense in connection with the preparation for trial on '253, including the expenses of taking depositions, legal fees and expenses, etc., in the amount of $5,842.88.

C. Willard Hayes (of Cushman, Darby & Cushman), all of Washington, D. C., and Arthur G. Connolly, of Wilmington, Del., for plaintiffs.

Newton A. Burgess and John F. Ryan (of Burgess, Ryan & Hicks), all of New York City, and William H. Foulk, of Wilmington, Del., for defendant.

LEAHY, District Judge.

Long prior to the institution of suit, at a conference with defendant's Vice-President and counsel, all details of plaintiffs' alleged infringing apparatus were voluntarily revealed. Later, defendant charged plaintiffs with infringement of '585 and '161. In its counterclaim defendant charges infringement of the additional patent '253. Plaintiffs deny infringement

578

and attack validity.* The fact that plaintiffs may have used an infringing apparatus for only several days, and while such an infringement may be "inconsequential from the point of view of damages," nevertheless there has been a charge of infringement. The quantum of damages is irrelevant.

The Act permits an alleged infringer to bring any actual controversy over validity or infringement of a patent into court and to keep it there until adjudication. The rule should be the same when an additional patent swings into the orbit of controversy by means of the patentee's charge of additional infringement. Under Rule 41 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the Court, in the given situation, is clothed with discretion to allow a dismissal of any action, whether contained in the complaint or in a counterclaim. Cincinnati Traction Bldg. Co. v. Pullman-Standard Car Mfg. Co., D.C , 25 F.Supp. 322. Once a declaratory judgment action is at issue, as here, the trial date having been fixed, continued, and fixed again for a date certain, a patentee should not be permitted to withdraw his claim of infringement and thus avoid an adjudication, for it is not infringement but validity which has the greater public importance. Sinclair & Carroll Co., Inc. v. Interchemical Corporation, 325 U.S. 327, 65 S.Ct. 1143. See also Cridlebaugh v. Rudolph, 3 Cir., 131 F.2d 795; Booth Fisheries Corporation v. General Foods Corporation, D.C. Del., 48 F.Supp. 313; Young v. John McShain, Inc., 4 Cir., 130 F.2d 31.

Plaintiffs are entitled to an adjudication of the issue of infringement and validity of '253, for plaintiffs are entitled to chart their course of future activities. They may not do so if a threat of future litigation hangs in abeyance. Defendant should not be permitted to withdraw its patent with freedom to sue plaintiffs in the future in this or in some other jurisdiction. The rule of the cited cases, supra, does not permit the patent owner to bring his patent into a litigation and then to withdraw it at will. The court will deny

the motion to dismiss the charges of infringement of '253. The trial of this case has been fixed to commence November 5th, 1945, and '253 will remain among the issues to be adjudicated.

---

* Plaintiffs filed no counterclaim for declaratory relief with respect to '253, as the issues of infringement and validity were complete by defendant's counterclaim and plaintiffs' answer thereto. If any such counterclaim for declaratory relief had been filed, it may have been redundant, subject to a motion to strike. See Stanley Works v. C. S. Mersick & Co., D.C., 1 F.R.D. 43; Forstner Chain Corporation v. Germex Co., D.C., 1 F.R.D. 115; Oblak v. Armour & Co. et al., D.C., 1 F.R.D. 648.