## PHILLIPS PETROLEUM CO. v. SHELL DEVELOPMENT CO.

Civ. No. 749.

District Court, D. Delaware.

Feb. 24, 1947.

See also 64 F.Supp. 806.

Samuel E. Darby, Jr. and Darby & Darby, all of New York City, E. Ennalls Berl, of Southerland, and Berl & Potter, of Wilmington, Del., for plaintiff.

Thomas Cooch and Marvel & Morford, all of Wilmington, Del., and Raymond F. Adams, Curt Von Boetticher, Jr., and Pennie, Edmonds, Morton & Barrows, all of New York City, for defendant.

RODNEY, District Judge.

This was a suit for declaratory judgment of invalidity of three specified patents owned by the defendant, and of non-infringement thereof by plaintiff.

The complaint filed October 23, 1945 specifically alleged that the defendant had asserted and charged the plaintiff with infringement. The defendant on March 23, 1946 moved for a bill of particulars of the process utilized by the plaintiff, and these particulars were voluntarily furnished on April 18, 1946. On April 29, 1946, after the receipt of the particulars, the defendant filed its answer and counterclaim. By the answer the defendant specifically admitted that portion of the complaint which had alleged the charge of infringement. By the counterclaim the defendant claimed validity for the patents and again expressly charged infringements of such patents by the plaintiff. On September 9, 1946 the defendant filed a formal "concession" in which it was conceded that the process of the plaintiff as particularized in the bill of particulars did not infringe any of the patents of the defendant involved in this suit.

On September 9, 1946 the defendant filed three motions, or one motion with three severable parts, as follows:

(1) The defendant seeks under Rule 15 (a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to amend its answer by eliminating therefrom any admission of a charge by the defendant of infringement by the plaintiff and seeks to set up a lack of controversy.

(2) The defendant seeks under Rule 41 (a) (2) to obtain a dismissal of its own counterclaim which had alleged infringement by the plaintiff and which sought an accounting of profits and damages. This dismissal of counterclaim is sought "with prejudice on the issue of infringement" on the ground that the plaintiff's process as disclosed by the bill of particulars showed that no infringement exists.

(3) The defendant seeks under Rule 12 (b) the dismissal of the complaint on the ground that upon the granting of motions 1 and 2 and upon consideration of the "concession" no infringement or charge thereof exists, and that the question of dismissal of infringement is "with prejudice" so that all issues presented by the complaint have become moot.

It makes liittle difference whether the motions of the defendant be considered and disposed of seriatim, or whether the contention of the defendant be considered as one motion with severable parts. It is apparent that one prime question remains for solution, and that question may be posed as follows: Can a patent owner who, in a complaint for a declaratory judgment of

invalidity, is alleged to have charged the plaintiff with infringement, and who in answer and counterclaim, respectively, both admits the making of the charge of infringement and expressly again avers such infringement, later by a "concession of non-infringement" withdraw the issue of validity which issue had been made and accepted?

The question here involved has been considered in two cases bearing a strong analogy to the present controversy. In White v. E. L. Bruce Co., D.C.Del. 1945, 62 F. Supp. 577, the complaint sought a declaratory judgment of invalidity of two patents. The defendant by counterclaim alleged infringement of a third patent. By answer to counterclaim the plaintiff denied infringement of such third patent and alleged its invalidity. The defendant, by motion, sought to dismiss from the counterclaim the charge of infringement of the third patent and to withdraw from adjudication all question of infringement or invalidity of such third patent. The motion was denied.

The analogy of Water Hammer Arrester Corporation v. Tower, D.C., 66 F.Supp. 732 to the case at bar is made more clear upon the joint consideration of that case and its affirmance in 7 Cir., 156 F.2d 775. In that case a declaratory judgment was sought alleging non-infringement and invalidity of defendant's patents. Aside from the formal parts of the complaint, the defendant denied all material allegations. Adverse examination of the president of the plaintiff corporation disclosed certain facts. A week before trial the defendant filed a motion absolving the plaintiff from any charge of infringement and moved for summary judgment, contending that then no justiciable controversy remained upon which the suit for declaratory judgment could be maintained. The trial court said:[1] "The mere fact that after this action was commenced defendant concluded and stated plaintiff's device does not infringe the patent which he previously twice charged the plaintiff with infringing cannot deprive the plaintiff of a judgment from this court as to its validity. An actual controversy existed and still exists in spite of the defendant's belated conclusion of non-infringement."

On appeal it was held[2] that the defendant's limited concession of no infringement did not give to the plaintiff that relief to which it was entitled, and affirmed a decree of invalidity.

It is true that in both of the foregoing cases the courts commented on the fact that subsequent litigation might be had by the same parties upon the same subject matter and at a later date. In the present case the defendant seeks to remove the actual and justiciable controversy and to defeat the continued jurisdiction of this court by stating that the counterclaim alleging infringement should be "dismissed with prejudice on the issue of infringement."

It is not necessary now to consider the exact meaning of the term of dismissal "with prejudice." Some courts have considered the term, in its general aspect, as being of the same nature and as equally conclusive as if the action had been prosecuted to final adjudication. Here the term "with prejudice" is more limited and applies only to the concession of non-infringement by the plaintiff's process as such process is shown in the bill of particulars. This means that the slightest modification, change, or improvement in the plaintiff's present process could again raise the same questions, and the issue of the validity or invalidity of the defendant's patents now actually tendered by the plaintiff and accepted by the defendant and now pending in controversy could be again raised for solution. Meantime, the plaintiff would not know of the extent of its rights and would be deprived of the chief value of the process of declaratory judgment which it, at present, is entitled to.

The foregoing considers only the personal interest of the plaintiff as such. It is too late in the history and development of patent law to question the fact that both public interests and public policy are involved in the question as to the validity or invalidity of patents when such questions

1 D.C., 66 F.Supp. 732, 736.                    2 7 Cir., 156 F.2d 775.

are directly presented. Such is the view in this District and Circuit. White v. E. L. Bruce Co., D.C.Del. 1945, 62 F.Supp. 577; Booth Fisheries Corporation v. General Foods Corporation, D.C.Del. 1943, 48 F.Supp. 313, 315; Cridlebaugh v. Rudolph, 3 Cir., 131 F.2d 795. Indeed, in Sinclair Co. v. Interchemical Corporation, 325 U.S. 327-330, 65 S.Ct. 1143, 1145, 89 L.Ed. 1644, it is indicated that where both infringement and validity are in issue, and because validity has the greater public importance, it will "usually be the better practice" to fully inquire into the validity of the patent. In Measurements Corporation v. Ferris Instrument Corporation, 3 Cir., 159 F.2d 590, it is said, "Although the question of infringement * * * was raised, the learned trial judge properly addressed himself to the paramount issue of validity."

That the issues of infringement and validity may exist concurrently and independently of each other, and that the disposition of the first issue will not prevent the retention of jurisdiction for disposition of the second issue, is shown by the following authorities: Altvater v, Freeman, 319 U.S. 359, 63 S.Ct. 1115, 87 L.Ed. 1450; Trico Products Corporation v. Anderson Co., 7 Cir., 147 F.2d 721; Leach v. Ross Heater & Mfg. Co., 2 Cir., 104 F.2d 88.

The motions of the defendant must be denied.