## F. E. MYERS & BROS. CO. v. GOULDS PUMPS, Inc.

### Civ. No. 2625.

District Court, W. D. New York.

July 24, 1947.

See also D.C., 5 F.R.D. 132.

Toulmin & Toulmin, of Dayton, Ohio, (John S. Powers, of Buffalo, N. Y., of counsel), for plaintiff.

Winslow E. Thomson, of Rochester, N. Y. (Edwin T. Bean, of Buffalo, N. Y., of counsel), for defendant.

KNIGHT, District Judge.

The original complaint was brought to declare Mann Patent No. 2,257,507 and Mann Patent No. 2,375,571 invalid and not infringed. Defendant's original answer contained a denial of invalidity, admitted that a controversy existed as to the validity of claims 2, 3, 5, 6, 7, 8, 9, 11, 12, 13, 14, 25, 26, 27, 29 and 30 of Patent No. 2,257,-507 and claims 2 and 3 of Patent No. 2,375,571 and as to the infringement by the plaintiff; and a denial of any charge of infringement as to the other claims of the two patents. The answer also contained a counterclaim alleging infringement of the aforesaid specified claims. Plaintiff's amended complaint simply added designations of patents and publications alleged to be of an anticipatory character. Plaintiff an-

swered the counterclaim reaffirming the defenses of invalidity and noninfringement.

Defendant now moves to amend its answer and counterclaim, and also moves to require the plaintiff to limit the number of and specify the purpose of references. By its proposed amended answer the defendant admits that a controversy exists between the parties as to the validity of claims 6, 8, 9, 24, 25, 26 and 27 of Patent No. 2,375,571 and as to the infringement of these claims, but denies that any controversy exists as to the validity or infringement of the other claims hereinbefore mentioned. The proposed amended counterclaim is limited to the charge of infringement only as to said claims 6, 8, 9, 24, 25, 26, and 27. Also by this motion defendant seeks to add claim 24 of the Mann Patent No. 2,257,507 as one which it charges is infringed and concerning which it claims a controversy exists.

Plaintiff does not oppose the addition of said claim 24 of the Mann Patent No. 2,257,507. It voices no objection to the withdrawal of claims 2, 3, 5, 7, 11, 12, 13, 14, 29 and 30 of the Patent No. 2,257,507 from the infringement listed as set up in the proposed amended counterclaim. It opposes the withdrawal of these claims from the issue of validity. In other words, plaintiff asserts that despite the withdrawal of the charge of infringement as to certain of the claims, a controversy continues as to validity of those and all the other claims. There are numerous claims not included among those first herein mentioned. There are 30 claims in the Patent. This presents the question on the motion to amend. Where the plaintiff has alleged invalidity as to all the claims of a patent and issue has been joined on that question and the question of infringement, can the defendant now withdraw its denial of infringement as to some of the claims of the Patent and thereby avoid determination of validity as to all claims?

■ This is essentially an action for a declaratory judgment. The Declaratory Judgment Act, Title 28, U.S.C.A. § 400, is applicable only where an "actual controversy" exists. What constitutes such "controversy" is clearly defined in Aetna Life Insurance Co. of Hartford, Conn. v. Haworth et al., 300 U.S. 227, 57 S.Ct. 461, 464, 81 L.Ed. 617, 108 A.L.R. 1000, where the Court, in part, said: "It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." The question as to what constitutes a controversy is not disturbing here. If the position of the plaintiff is sustained, clearly a "controversy" within the meaning of the Declaratory Judgment Act exists. This first motion presents solely a question of law as to the effect of the withdrawal of certain claims of infringement.

Issue was first joined as to invalidity and infringement on all claims by the filing of the answer on November 28, 1945.

A comparable question has been considered at various times by the courts.

Allegheny Steel & Brass Corporation et al. v. Elting et al., 7 Cir., 141 F.2d 148, 149, includes language by the court directly in point here. Among other things, the court there said: "The validity of the mechanical patent was brought in issue by plaintiffs' petition, and it could not be eliminated by a mere amendment of appellants' answer and counterclaim." In Phillips Petroleum Co. v. Shell Development Co., D.C., 64 F.Supp. 806, Id., D.C., 6 F.R.D. 406, as pages 407, 408, equally in point here the plaintiff brought suit for a declaratory judgment, alleging that the defendant had charged plaintiff with infringing its patents. Defendant answered admitting the charges and in its counterclaim reiterated these and also claimed validity of its patents. The defendant later filed a formal "concession" that the process of the plaintiff did not infringe the patents involved in the suit. The defendant moved to amend under Rule 15(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, by eliminating the admission of a charge of infringement and also under Rule 41(a) moved to dismiss its counterclaim which alleged infringement. It was said that the dismissal was sought "with prejudice on the issue of infringement." Defendant moved under Rule 12(b) to dismiss the complaint on the ground that on

concession of no infringement the issues presented were moot. The court held that a patent owner who charged the plaintiff with infringement and who in answer and counterclaim both admits the making of the charge of infringement that later by concession of non-infringement the validity of the patent could not be withdrawn.

In White v. E. L. Bruce Co., D.C., 62 F.Supp. 577, 578, the court said: "The Act (Declaratory Judgment) permits an alleged infringer to bring any actual controversy over validity or infringement of a patent into court and to keep it there until adjudication. * * * Once a declaratory judgment action is at issue, as here, the trial date having been fixed, continued, and fixed again for a date certain, a patentee should not be permitted to withdraw his claim of infringement and thus avoid an adjudication, for it is not infringement but validity which has the greater public importance."

In Water Hammer Arrester Corporation v. Tower, D.C., 66 F.Supp. 732, 736, the action was for a declaratory judgment that the patent was invalid and not infringed. The court there, in part, said: "The mere fact that after this action was commenced defendant concluded and stated plaintiff's device does not infringe the patent which he previously twice charged the plaintiff with infringing cannot deprive the plaintiff of a judgment from this court as to its validity. An actual controversy existed and still exists in spite of the defendant's belated conclusion of non-infringement."

In this last-mentioned case on appeal one week before the trial defendant moved for summary judgment alleging that a justiciable controversy did not exist by reason of the fact that defendant admits in its answer that the water hammer arresters in exhibits 1 and 2 did not infringe the patent. The Appellate Court, 7 Cir., 156 F.2d 775, sustained the judgment granting relief prayed in the bill and thus it sustained the lower court in passing on the question of validity.

Said the court in Cridlebaugh v. Rudolph, 3 Cir., 131 F.2d 795, at page 800: "But the fact that the defending party to an infringement suit seeks to obviate the question of patentability of the disclosure involved does not exclude that issue. It adheres none the less in the charge of infringement. In such instance the parties are powerless to foreclose the court from determining whether the patent does in fact cover invention."

Altvater et al. v. Freeman et al., 319 U.S. 359, et seq., 63 S.Ct. 1115, 1117, 87 L. Ed. 1450 was a suit on a patent license agreement. Defendant claimed the agreement had terminated. It filed a counterclaim for declaratory judgment that the patents be declared invalid. The District Court held the agreement terminated and granted the prayer of the counterclaim. The Court of Appeals held when the District Court found no contract and no infringement and that the issues of validity became moot. It struck out the declaration that the patents were invalid. The Supreme Court said in part: "We have here not only bill and answer but a counterclaim." As pointed out the District Court held the devices did not infringe. The Supreme Court said that the decision of non-infringement did not dispose of the counterclaim which raised the question of validity. This seems to be the reverse of the situation here, but the language is applicable. The court further said the controversy existed, that it did not come to an end on the dismissal of the bill for non-infringement since their dispute went beyond the single claim and the particular devices involved in that suit.

To the foregoing cited cases may be added: Knaust Bros., Inc., v. Goldschlag, D.C., 28 F.Supp. 188, affirmed 2 Cir., 119 F.2d 1022; Lackner Co. v. Quehl Sign Co., 6 Cir., 145 F.2d 932; Booth Fisheries Corporation v. General Foods Corporation, D. C., 48 F.Supp. 313; Sinclair & C. Co. v. Interchemical Corporation, 325 U.S. 327, 65 S. Ct. 1143, 89 L.Ed. 1644; Densmore v. Scofield, 102 U.S. 375, 26 L.Ed. 214.

The defendant relies mainly upon the case of Larson et al. v. General Motors Corporation, 2 Cir., 134 F.2d 450, 452, decided in this Circuit by divided court and reversing the trial court. Because of the dissimilarity in the facts in the case in suit and the Altvater case, supra, it is not believed that reliance should be placed up-

on the latter case as conclusive. So, under comparable facts, the Larson case must be followed. However, it is not believed that the facts are fairly comparable. Larson, as patentee, brought suit for infringement. Here, plaintiff's declaration was for invalidity and non-infringement. At the trial in the Larson case, plaintiffs consented that judgment upon the merits be rendered against them on the cause of action for infringement and moved that the counterclaim be dismissed because the entry of judgment dismissing cause of action ended any existing controversy over the patent. The trial court overruled this motion. It finally dismissed the first cause of action upon plaintiffs' stipulation and found the patent invalid. The significant part in the opinion of Judge Hand in this case is the statement: "Before the plaintiffs consented to a dismissal of the first cause of action on the merits there can be no question that the court had formal jurisdiction under the Constitution to pass upon the validity of the patent in the counterclaim, although it may not have been necessary to do so, in view of the pendency of the first cause of action. The 'controversy' then existing between the parties extended, not only to the defendant's infringement of the patent, but to its validity; the plaintiffs had alleged that it was valid and were obliged to maintain .it, if they were to succeed. When they consented to the dismissal of the first cause of action, the situation changed; and only the most shadowy controversy over the validity of the patent thereafter remained."

The plaintiffs there alleged validity only as a basis for the charge of infringement. The plaintiff patentees having withdrawn the claim of infringement had no complaint left to them. The situation here is opposite to that of the Larson case. In the pleadings herein, including the now proposed answer and counterclaim, there are direct allegations by the plaintiff of invalidity of all of the claims of the two patents and denials by the defendant. The denial of validity still exists and so assuming the acceptance of the proposed amendment. Depositions have already been taken touching the issue of validity of the claims in question. On a rehearing in the Larson case, the court distinguished the Knaust case on the disclosure in plaintiffs' brief that the plaintiffs did not appeal from the judgment in so far as it related to the particular patent involved in the question raised. Referring to the Larson case, the court in the Lackner Co. case said [145 F.2d 933]: "The court did not decide that the dismissal of the first cause of action deprived the court of the 'already existing jurisdiction,' but held that even if the court retained jurisdiction, the circumstances made any exercise of it improper."

After referring to the case of Landis Machinery Co. v. Chaso Tool Co., Inc., 6 Cir., 141 F.2d 800, the court continued: "Our conclusion is based partly upon the difference between the record in the Larson case and that of the instant case, and partly upon the public policy involved. It does not appear whether, prior to the motion to dismiss, extensive depositions had been taken in the Larson case, as here."

The courts have repeatedly impressed the public interest in determination as to the validity of a patent by reason of the monopolistic control of the patentee. Mercoid Corporation v. Mid-Continent Co., 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376; Edward Katzinger Co. v. Chicago Metallic Mfg. Co., 329 U.S. 394, 67 S.Ct. 416; Sinclair & C. Co. v. Interchemical Corporation, 325 U.S. 327, 65 S.Ct. 1143, 89 L.Ed. 1644. As Judge Frank, who concurred in the Larson majority opinion, said in Cover v. Schwartz, 2 Cir., 133 F.2d 541, 545: "* * * there is no requirement that the court must first pass on the issue of infringement and, if it decides that there is no infringement, it must refuse to decide that the patent is invalid. Indeed, since the public is affected, there is much to be said for a decision in such a case as to the invalidity of the alleged patent monopoly (either alone or in conjunction with a decision of non-infringement) whenever the issue of invalidity is before the court and the evidence warrants such a decision. For a decision as to invalidity will tend to discourage suits against others based on that patent, and mere threats of patent suits, due to the expense of defending such litigation, may often prevent lawful competition which will be in the public interest;

the desirability of a decision as to validity is especially important because it is the general rule that the government cannot bring suit to have a patent declared invalid, except for fraud inducing its issuance * * *."

■ We have pointed out that depositions have been taken in the suit at bar, and also pointed out the long period of time expired since the commencement of this suit without any proposed amended answer as here now. Specially in the light of the pleadings as they now stand and as proposed, it is believed that the issue of validity as to all of the claims of the two patents may be considered and determined upon the trial. Nothing is seen in the cases cited by the defendant other than the Larson case which has any material bearing here.

Upon defendant's first motion, it is held that the defendant is not entitled to amend and deny that any controversy exists between the parties as to the validity of the claims herein. No reason is seen why the motion should not in all other respects be granted.

■ Defendant's second motion asks the Court to "require plaintiff to limit the number of and specify the purpose of references upon which it will rely at the trial." The motion is stated to be made under Rule 12(e) of the Rules of Civil Procedure. The purpose of that rule is to enable a party to prepare a responsive pleading. In the instant case issue was joined upwards of a year ago. The motion is not timely. The limit of the time for the bringing of a motion either for a bill of particulars or for a more definite statement is 20 days after the service of the pleading to which the motion is directed. In the instant case a complaint and answer, an amended complaint and an answer to the amended complaint have been served—each more than 20 days before this motion was brought. The cases are in great number which sustain this view and none need be cited. Even were the now proposed amended answer and counterclaim received that could make no difference in view of the prior pleadings of the defendant.

■ The plaintiff has included in its complaint the citation of many patents as disclosing the prior art and as anticipatory. It seems doubtful whether all of these have particular relevancy. While the motion herein as made must be denied, the court directs that a pre-trial conference be held in order that the question of the necessity of all of the patent citations may be considered. (Rule 16)