## KENDALL CO. v. TETLEY TEA CO., Inc.

### Civil Action No. 6984.

United States District Court
D. Massachusetts.

Oct. 18, 1948.

388

H. L. Kirkpatrick, Edgar H. Kent, and Fish, Richardson & Neave, all of Boston, Mass., for plaintiff.

T. Clay Lindsey, of Hartford, Conn., and George P. Dike and George P. Towle, Jr., both of Boston, Mass., for defendant.

SWEENEY, Chief Judge.

There are two motions under consideration. Plaintiff moves to amend certain answers to interrogatories, while defendant moves for discovery and production.

The plaintiff brings this action alleging infringement of its Patent No. 2,277,050, covering tea bags and other infusers. Its complaint does not specify which particular claims of the patent are to be put in issue. The defendant's answer denies infringement, and further asserts invalidity of all claims of the patent. The defendant by interrogatories has asked for a statement specifying which claims plaintiff elects to stand on at the trial. The plaintiff replied that claims 1, 2, and 3 have been infringed, and that those claims would be asserted at trial. Now, some eight and one-half months subsequent to these answers, the plaintiff moves to amend its answers by eliminating claims 1 and 3 from the action, and substituting for them claims 5, 12, and 14. The defendant has agreed to the inclusion of claims 5, 12, and 14, but opposes elimination of claims 1 and 3. The motion to amend, coming as late as it does, must be denied. To allow such an amendment, when issue has been joined for so long a period of time, would be an injustice to the defendant. Furthermore, the more recent trend of decisions indicates the public interest in any adjudication of the issues of infringement and validity of patent claims, particularly the issue of validity; and for that reason, as well, the motion must be denied. See Edward Katzinger Co. v. Chicago Metallic Manufacturing Co., 329 U.S. 394, 67 S.Ct. 416, 424, 91 L.Ed. 374; Sinclair & Carroll Co., Inc., v. Interchemical Corporation, 325 U.S. 327, 65 S.Ct. 1143, 89 L.Ed. 1644; Lackner Co., Inc., et al. v. Quehl Sign Co., 6 Cir., 145 F.2d 932; Trico Products Corporation v. Anderson Co., 7 Cir., 147 F.2d 721; F. E. Myers & Bros. Co. v. Goulds Pumps, Inc., D.C., 7 F.R.D. 416; Phillips Petroleum Co. v. Shell Development Co., D.C., 6 F.R.D. 406. It is immaterial that the issues as to claims 1 and 3 have been joined by defendant's answer rather than by counterclaim or demand for declaratory judgment. Addition of claims 5, 12, and 14 is allowed; withdrawal of 1 and 3 is denied.

The plaintiff objects to paragraphs 1, 2, and 3 of defendant's motion for discovery and production. Paragraph 1 calls for "All records and documents between the dates of Jan. 1, 1934 and Aug. 30, 1940 relating to the development, improvement, manufacture, characteristics, construction, testing, samples and uses * * * of a textile fabric developed by and at the plant of plaintiff and comprising a textile sheet material composed of a carded web or webs of heterogeneously mixed textile fibers of different types, one type of said fibers (such as cotton fibers) having non-binder characteristics, and the other type of fibers (such as cellulose acetate fibers) having thermoplastic coalescent properties and both kinds of fibers being bound together by the coalescent characteristics of the latter fibers. Said defined textile fabric is herein referred to as 'Webril' or 'Webril' sheet material, the plaintiff, at least as early as Jan. 10, 1938, having adopted and used in commerce the trade-mark 'Webril' for such material." Paragraph 2 calls for "All records and documents between the dates of July 5, 1935 and August 31, 1939 relating to the suggestion or alleged conception of using Webril sheet material (as above defined) for use as a material for infusers * * * and/or relating to the reduction to practice of such suggestion or conception." Paragraph 3 calls for "Sales records from the date of first sale of Webril by the plaintiff to August 31, 1939 relating to the sale of such Webril sheet material by the plaintiff." Plaintiff argues that defendant's requests are altogether too broad and sweeping, as they ask for information concerning all Webril-type materials without regard to

their suitability or possibility of use as infusers. I am in accord with plaintiff in this respect, and deny paragraphs 1, 2, and 3 as they now read. Plaintiff is willing to supply the requested records and documents between the specified dates relating to materials usable for heat-sealable infusers. Inasmuch as claims 1 and 3, which remain in issue, are not restricted in their scope to heat-sealable materials, plaintiff's request that any information ordered to be disclosed be limited to heat-sealable materials must be refused. Defendant's paragraphs 1, 2, and 3 will therefore be allowed when restricted to information concerning Webril material suitable for or likely to be useful as infusers.

Paragraphs 4, 5, 6, 7, and 8 of defendant's motion are allowed, as plaintiff makes no objection to them.