**BROWN et al. v. INSUROGRAPH, Inc.**

Civ. No. 1204.

United States District Court
D. Delaware.

May 1, 1950.

Hugh M. Morris and Alexander L. Nichols (Morris, Steel, Nichols & Arsht) of Wilmington, Del., John C. Blair (Blair & Black) of New York City, and Edmund B. Whitcomb of Toledo, Ohio, for plaintiffs.

William H. Foulk of Wilmington, Del., and Henry L. Jennings (Jennings & Carter) of Birmingham, Ala., for defendant.

RODNEY, District Judge.

This case has been before the court on two prior occasions, on an application for a preliminary injunction, and on a motion of defendant to transfer, D.C., 85 F.Supp. 328. Defendant has now made two further motions, (1) to dismiss under Federal Rules of Civil Procedure, rule 12(b), 28 U.S.C.A., on the ground that the complaint fails to state a claim upon which relief can be granted, and (2) for summary judgment under Rule 56 on the ground that there is no justiciable controversy between the parties.

The complaint of the original plaintiff, Ralph W. Brown, alleges that the defendant is the owner of certain patents, referred

to as the Streckfuss patents; that plaintiff has developed a new machine for vending insurance policies, a description of which machine is attached to the complaint as an exhibit; that plaintiff has entered into an agreement with Goal Insuraide Machines, Incorporated, for the promotion of business based on that machine; that defendant is engaged in an active campaign to inform all parties interested in the machine that it infringes the Streckfuss patents, and has threatened potential customers and others contemplating business associations with plaintiff and Goal Insuraide with legal proceedings; that the machine does not infringe the patents, and that the patents are invalid. Plaintiff seeks a declaratory judgment, declaring that defendant's relevant patents are invalid, and that they are not infringed by the plaintiff.

Goal Insuraide Machines, Incorporated, has with leave of court intervened as a party plaintiff and has adopted the original plaintiff's complaint as its own. Defendant has filed its answer and counterclaim, and the plaintiffs have replied. The issues raised by the answer, counterclaim and replies will be discussed, as far as may be necessary, in connection with the more detailed consideration of the present motions.

Defendant's motions are based on the contentions that (1) the court has no jurisdiction to entertain a declaratory judgment action, in that there is no justiciable controversy between the parties because it does not appear that there has been such notice by defendant of a charge of infringement as to give rise to a justiciable controversy; (2) non-infringement is, in effect, admitted by the defendant, and the court therefore has no jurisdiction or discretion to entertain the suit for the purpose of determining the validity of the Streckfuss patents, and (3) plaintiffs are estopped to deny the validity of the patents.

■ (1) With respect to the question of the existence of a justiciable controversy, it seems clear that summary judgment cannot be granted in defendant's favor upon the present record. The complaint alleges that the defendant has engaged in a campaign, directed at potential customers and those contemplating business associations with the plaintiffs, threatening them with legal proceedings. This is denied by the defendant. In addition, plaintiffs have filed in connection with this motion an affidavit, among others, of J. Austin Smith, an executive vice-president of Goal Insuraide Machines, Incorporated, in which it is stated that defendant's president personally informed the affiant shortly before the institution of this suit that defendant believed that plaintiffs or Goal Insuraide Machines, Incorporated, were infringing defendant's patents and that defendant intended to sue them for patent infringement. An affidavit of defendant's president has now been filed denying this fact or, at least, this interpretation or version of the conversation. If the pleadings alone were to be considered, it might be necessary to decide to what extent the alleged charges or threats directed at potential customers and prospective business associates of the plaintiffs could be said to have brought into being a justiciable controversy between these parties. But in view of the affidavits filed in this case, I am unable to escape the conclusion that there is such an issue of fact as to the existence of a controversy as, under the principles stated in Hart & Co., Inc., v. Recordgraph Corp., 3 Cir., 169 F.2d 580, precludes the granting of the motion for summary judgment upon the theory that the undisputed facts show the absence of a justiciable controversy.

(2) Defendant's next contention is based on the asserted admission by the defendant of plaintiffs' allegation of non-infringement. In its complaint the original plaintiff alleges that the Streckfuss patents and any and all other patents owned by the defendant are not infringed by plaintiffs' machine as described in "Exhibit A" annexed to the complaint. Defendant in its answer avers that it is without knowledge, save by the complaint and "Exhibit A," respecting the construction and arrangement of plaintiffs' machine, and "states that a machine so constructed appears not to infringe any of the Streckfuss patents * * *." In defendant's reply brief, it is stated that "the defendant's attorneys hold

themselves ready to amend the answer so as to delete the word 'appears,' and 'admit' that the defendant's machine, as exemplified in the exhibit attached to the complaint does not infringe the patents in suit."

It is defendant's position that by virtue of these concessions or admissions of non-infringement, the patent infringement suit is moot and there is no basis left upon which the court may proceed to determine the issue of validity of the patents.

In my opinion it is now proper to consider the case as though the defendant had made, in its answer, an unqualified concession that a machine made according to the drawings attached as an exhibit to the complaint did not infringe the patents of the defendant.

In Phillips Petroleum Co. v. Shell Development Co., D.C., 6 F.R.D. 406, this court was presented with substantially the same problem as is here presented. There the defendant by counterclaim had alleged infringement. After obtaining particulars of plaintiff's process, the defendant filed a formal "concession" that the process as so particularized did not infringe any of the defendant's patents in suit, and moved that the counterclaim be dismissed "with prejudice." This the court denied. See also White v. Bruce Co., D.C.Del, 62 F. Supp. 577.

█ In the present case we must assume for the purposes of this motion that an actionable controversy has arisen by the threats of the defendant charging the plaintiffs with infringement. An answer to a complaint expressly or impliedly denying infringement accompanied by a dismissal of the proceedings on that ground would leave such denial of infringement operative only as an estoppel in case any future litigation should develop. An actionable controversy having arisen as to infringement and suit therefor having been brought, I think the accused infringer is entitled at his election to a judgment of non-infringement operative as to any future litigation on the more solid basis of res

judicata. This is in addition to the discretionary authority of the court to determine the question of validity of the defendant's patents, even though the issue of infringement should be removed from the case.

The only discernible distinction between the Phillips Petroleum case and the case at bar is the question as to the time when the attempted withdrawal of the issue of infringement was made. In the Phillips Petroleum case infringement was alleged after answer and in the counterclaim which was then attempted to be withdrawn after such issue was presented. In the present case it is contended the question of infringement is withdrawn in the answer and no issue of infringement is raised by the pleadings. This question of timing seems not important to me. Assuming that the actionable controversy has arisen as to validity of defendant's patents and infringement thereof by plaintiff and suit brought therefor, it would seem that such plaintiff is entitled to a determination of his cause of action as presented by him.

The present conclusion, of course, is predicated upon the assumption that there is or may be before the court a case or controversy, arising from charges of patent infringement and threats of litigation, such as will confer upon the court jurisdiction in a declaratory judgment action. If, after trial, it should be determined that the court, as a matter of fact, has no jurisdiction in that sense, that determination in itself will, of course, require the dismissal of the action, and nothing else in the case will remain for decision.

█ (3) The last point raised by the defendant is that the plaintiffs are estopped to deny or question the validity of defendant's Streckfuss patents, because the plaintiff, Brown, participated in the original assignment of these patents to the defendant. It appears that the broad, general rule is that the assignor of a patent is estopped to attack the validity of the assigned patent against anyone claiming a right under his grant.[1] But the applica-

---

1. Westinghouse Electric & Manufacturing Co. v. Formica Insul. Co., 266 U.S. 342, 45 S.Ct. 117, 69 L.Ed. 316; and see Scott Paper Co. v. Marcalus Co., 326 U. S. 249, 66 S.Ct. 101, 90 L.Ed. 47.

tion of that general rule, or its qualifications, to this case cannot properly be determined now, because there appears to be an issue as to the precise facts relative to Brown's interest in the patents and alleged participation in the assignment of them to the defendant. Furthermore, there may be some question as to the application of the estoppel, if any, to the intervening plaintiff. It is desirable and proper that the determination of this matter should be postponed until all the facts are before the court and the parties have been fully heard thereon.

Accordingly, an order may be submitted denying defendant's motions for summary judgment and to dismiss.