## I-T-E CIRCUIT BREAKER CO.
### v.
## McGRAW ELECTRIC CO.
### Civ. No. 15729.

United States District Court,
E. D. Pennsylvania.

April 27, 1954.

Adams, Childs, McKaig & Lukens, Philadelphia, Pa., for plaintiff.

Howson & Howson, Philadelphia, Pa., Charles F. Meroni, James Van Santen, Hill, Sherman, Meroni, Gross & Simpson, Chicago, Ill., for defendant.

KIRKPATRICK, Chief Judge.

1. As to the defendant's # 2,-468,498 patent. The validity of this patent and its infringement by the plaintiff's recloser are directly in issue in the District Court in Chicago. The fact that the issues were raised by way of counterclaim does not make the action any less an ordinary infringement suit than if the issues had been raised by complaint and answer. I cannot see that anything can be gained by entertaining in this court a suit for a declaratory judgment to determine the same issues. In patent cases, the chief justification for declaratory judgment procedure is to allow one who is being threatened with litigation upon a patent and cannot compel the patent owner to proceed, to obtain a judicial determination of his rights. Where those rights are the subject of actual infringement litigation in which every phase of them can be determined, there is no need of duplicating the litigation by a declaratory judgment proceeding. True, this declaratory judgment proceeding was begun a few weeks before the counterclaim was filed and three days after the original complaint was filed in the Chicago suit, but the counterclaim was filed without undue delay as a normal and not unexpected step in the course of litigation which the plaintiff had already begun. Declaratory judg-

ment should not be made a means of maneuvering a litigated issue out of one court into another. The motion to dismiss the complaint so far as it relates to the defendant's patent '498 will be granted.

2. As to the defendant's four remaining patents. I think the reasoning of Judge Rodney in Phillips Petroleum Co. v. Shell Development Co., D.C., 6 F.R.D. 406, is sound and following it, the motion to dismiss the complaint as to these patents will be denied.

3. The motion to transfer under 28 U.S.C. § 1404 is denied.