INTERNATIONAL MINERALS & CHEM-
ICALS CORPORATION, Plaintiff,

v.

GOLDING–KEENE COMPANY, a
corporation,
and
Grant S. Diamond, an individual,
Defendants.

Civ. A. No. 7560.

United States District Court
W. D. New York.

July 1, 1958.

See, also, 162 F.Supp. 137.

Magavern, Magavern, Lowe & Gorman, Buffalo, N. Y. (Samuel D. Magavern, Buffalo, N. Y., of counsel) and Burns, Doane, Benedict & Irons, Washington, D. C. (Edward S. Irons and Harold J. Birch, Washington, D. C., of counsel), for plaintiff.

Hellings, Ulsh, Morey & Stewart, Buffalo, N. Y. (William I. Morey, Buffalo, N. Y., of counsel) and Hill, Sherman, Meroni, Gross & Simpson, Chicago, Ill. (Carlton Hill and Benjamin H. Sherman, Chicago, Ill., of counsel), for defendants.

MORGAN, District Judge.

Defendant has moved under F.R.C.P. 41, 28 U.S.C.A., to dismiss the above entitled action on the ground that it has repudiated and withdrawn the charge of infringement which prompted plaintiff to institute this declaratory judgment action. Defendant contends that therefore there is no dispute between these parties and that the court should exercise its discretion and dismiss the action. On oral argument, counsel for defendant stated that defendant would be willing to accept a dismissal with prejudice on the claim of infringement of the Diamond Patent No. 2,765,074 by plaintiff's present or past commercial methods for the dry electrostatic beneficiation of feldspar.

Plaintiff opposes the motion on the ground that a controversy exists so long as defendant will not accept a dismissal on condition that defendant never again assert the Diamond patent against plaintiff.

Defendant's position appears to be based on the contention that plaintiff is seeking a declaration of non-infringement *or* a declaration of invalidity of the Diamond patent, in the alternative. However, the complaint states four separate and distinct claims, to wit: (1) Declaration of non-infringement, (2)

declaration of invalidity of Diamond patent, (3) permanent injunction restraining defendant from asserting Diamond patent against plaintiff, and (4) costs.

 While the answer generally states that defendant lacks sufficient information to affirm or deny plaintiff's claims, and leaves plaintiff to its proof, defendant does deny the charge of invalidity, and further denies that plaintiff is entitled to relief. While plaintiff appears to question that the answer meets the complaint with sufficient specificity to result in joinder of issue, under the liberalized view of pleadings taken under the Federal Rules, such an aridly technical distinction must fail. The admissions by defendant respecting the question of infringement might be sufficient for dismissal or summary judgment on that issue on a proper motion, but they are insufficient for dismissal of the entire action.

There is substantial authority for the proposition that once the validity of a patent has been put in issue along with the question of infringement, it is the better practice to determine the validity of the patent even though the charge of infringement is subsequently withdrawn. Sinclair & Carroll Co., Inc., v. Interchemical Corp., 325 U.S. 327, 65 S.Ct. 1143, 89 L.Ed. 1644; Oswego Falls Corp. v. American Seal-Kap Corp., D.C.E.D. N.Y., 65 F.Supp. 338; Brunswick-Balke-Collender Co. v. American Bowling & Billiard Corp., 2 Cir., 150 F.2d 69; Cover v. Schwartz, 2 Cir., 133 F.2d 541. The above rule has previously been applied by this court, Knight, C. J., presiding, in F. E. Myers & Bros. Co. v. Goulds Pumps, Inc., D.C.W.D.N.Y., 7 F.R.D. 416. To the same effect, see E. J. Brooks Co. v. Stoffel Seals Corp., D.C.S.D.N.Y., 160 F.Supp. 581, at page 593, in which Judge Dawson observed, in language singularly appropriate in the instant case, "Defendant cannot create a situation of actual controversy which gives the Court jurisdiction under the Declaratory Judgment Act and then, after the commencement of suit, come into Court and seek to avoid the jurisdiction of the Court by belated concessions that there was no infringement."

Therefore, this court will not dismiss this action since an actual controversy continues to exist.

Motion denied. So ordered.