### KAWNEER CO. v. PITTSBURGH PLATE GLASS CO.
#### No. 1376.

United States District Court
W. D. Michigan, S. D.
March 19, 1952.

Loftus, Lucas & Hammand, Clarence J. Loftus and William E. Lucas, Chicago, Ill., and Uhl, Bryant, Slawson & Wheeler and Marshall M. Uhl, Grand Rapids, Mich., for plaintiff.

McCobb, Heaney & Dunn, Stephen F. Dunn and Edward C. McCobb, Grand Rapids, Mich., Leland Hazard, Olen E. Bee, Oscar L. Spencer and Elmer S. Utzler, Pittsburgh, Pa., for defendant.

STARR, District Judge.

Plaintiff is the owner of United States letters patent No. 2,463,284 issued March 1, 1949, for a "glass setting means." In its complaint plaintiff alleged that the defendant "has been and still is infringing said letters patent by making, using and selling glass settings which embody the patented invention." It asked for damages, injunction against further infringement, costs of suit, and attorney fees. In its response to defendant's motion for a more definite statement as to the claims of said patent alleged to be infringed, it stated: "Plaintiff, as presently advised, specifies claim 2 for this case, so far as defendant's structure hereinafter mentioned is concerned."

The defendant answered, denying infringement, alleging invalidity of patent, and by counterclaim asked for a declaratory judgment, 28 U.S.C.A. §§ 2201, 2202, determining that its glass setting does not infringe "any claims" of the patent in suit and determining that the patent "and each claim thereof" is invalid. In its counterclaim (paragraph 24) defendant denied infringing "any or all of the claims" of the patent; alleged (paragraph 23) that the patent is invalid; and alleged an "actual controversy" between the parties as to the validity and infringement of the patent. It should be noted that in its reply to the counterclaim the plaintiff denied the defendant's allegations of noninfringement and invalidity of patent. Plaintiff also denied the existence of an actual controversy as to the validity, scope or infringement of the claims of the patent "except as to claim 2" and moved that the counterclaim be stricken as to all claims except claim 2. It was later stipulated by counsel "that plaintiff advises that it will, at the trial, also rely on claims 4 and 7" of the patent in suit.

In the course of the trial the plaintiff moved to strike the defendant's counterclaim as to all claims of the patent except 2, 4, and 7 on the ground that, having specified only these three claims as infringed, there was no actual controversy as to other

claims. The court denied this motion and the defendant proceeded with its proofs as to the validity and infringement of all claims. At the conclusion of the trial counsel requested that plaintiff's motion to strike be reconsidered and that counsel be permitted to file further briefs on the questions raised by the motion. Additional briefs have been filed, and the precise question presented is—can the defendant, by its counterclaim for a declaratory judgment, raise the issues of invalidity and noninfringement as to all nine claims of the plaintiff's patent where, subsequent to the filing of its complaint generally alleging infringement of its patent, plaintiff has sought to limit its charge of infringement and the scope of the litigation by specifying that it will rely on only three claims as infringed?

The plaintiff contends that by specifying only claims 2, 4, and 7 of the patent as infringed, it has limited the scope of the litigation to those three claims and there is no "actual controversy" and, therefore, no justiciable issue under the declaratory judgments act as to the other six claims. On the other hand, the defendant contends that the pleadings create an actual controversy as to the validity and infringement of all nine claims of the patent and that it is entitled to a declaratory judgment as to the validity and infringement of all claims. In other words, the defendant contends that the plaintiff, having begun this suit generally alleging infringement of its entire patent, cannot thereafter, by specifying only claims 2, 4, and 7 as infringed, defeat the defendant's right to a declaratory judgment as to all claims. Therefore, the court must determine whether or not the pleadings in this case created an "actual controversy" within the meaning of the declaratory judgments act as to all claims of the patent. If there is an actual controversy as to all claims, the defendant is entitled to a declaratory judgment as to the validity and infringement of all claims. If there is not an actual controversy as to all claims, then the defendant's counterclaim should be stricken except as to claims 2, 4, and 7.

▮ The Federal Declaratory Judgments Act is remedial in character and the term "actual controversy" should be liberally interpreted. Dewey & Almy Chemical Co. v. American Anode, Inc., 3 Cir., 137 F.2d 68; Treemond Co. v. Schering Corporation, 3 Cir., 122 F.2d 702; Water Hammer Arrester Corporation v. Tower, D.C., 66 F. Supp. 732, affirmed, 7 Cir., 156 F.2d 775. Under the plaintiff's contention it could restrict the present litigation to claims 2, 4, and 7 and leave undetermined, and a basis for possible future litigation, questions as to the validity and infringement of each of the remaining six claims of the patent.

▮ It is admitted that the plaintiff did not give defendant any notice of the alleged infringement of its patent prior to beginning the present action. However, that is immaterial, as the plaintiff was not legally required to give such notice [1] and as it alleged in its complaint that the defendant "has been and still is infringing said letters patent by making, using and selling glass settings which embody the patented invention." This was clearly a general charge of infringement as to the entire patent and entitled the defendant by its answer and counterclaim to put in issue the questions of validity and infringement of all claims of the patent. The plaintiff having brought the present action for infringement of its patent, the defendant is entitled to know whether the patent is valid and whether its products violate any of the claims.

A situation substantially similar to that in the present case was considered and determined by the court in Kalo Inoculant Co. v. Funk Bros. Seed Co., 7 Cir., 161 F.2d 981. In that case plaintiff Kalo Company on October 29, 1943, notified the defendant by letter that the product "legume aid inoculant," which it was selling, infringed the plaintiff's patent. Thereafter on December 10, 1943, the plaintiff filed complaint in the district court, alleging infringement of its patent and asking for injunction against further infringement, damages, and costs of suit. The defendant filed answer

1. "Failure to give notice (of infringement) or to mark an article as patented only affects the question of damages and not the right to an injunction." 2 Walker on Patents, Deller's Ed., § 238, p. 1200.

674

denying infringement and alleging invalidity of the patent, and also filed counterclaim for a declaratory judgment determining noninfringement and determining that the plaintiff's patent and all claims thereof were void. In its reply to the counterclaim the plaintiff denied the charges of invalidity and noninfringement. The parties stipulated that the plaintiff would rely on only nine of the fourteen claims of the patent. In reversing the trial court's dismissal of the defendant's counterclaim for a declaratory judgment as to the validity of all fourteen claims of the patent, the appellate court said in part, 161 F.2d at page 991: "It has always been the desire of equity to dispose of all questions involved where it is at all possible to do so in order to prevent multiplicity of suits. So we think here that when plaintiff brought suit for infringement of certain claims and defendant counterclaimed seeking declaratory judgment upon all claims, the (trial) court, by judgment upon only the claims in suit, did not dispose of all issues in controversy between the parties. Defendant has a right to know whether what it is doing violates any valid claim of plaintiff's patent. It has been confronted once with a suit for infringement and, though it does not manufacture, its principal, who defends, does manufacture and distribute, and, inasmuch as defendant itself distributes the inoculant, it has a right to know whether the product it does distribute infringes any valid claim. We think this is within the language of the Supreme Court as to what constitutes a justiciable controversy. The statute provides for declaratory judgment in the interest of prevention of multiplicity of litigation. We think the court below should have heard evidence upon and decided the counterclaim for a declaratory judgment."

The plaintiff contends that the decision in the Kalo Case is not applicable because, prior to beginning suit, Kalo gave the defendant notice of the claimed infringement, while in the present case the plaintiff did not give such notice. This claimed distinction is without merit, as the prior notice which Kalo gave was legally unnecessary and added nothing to its complaint, which,

like the complaint in the present case, generally alleged infringement of its entire patent.

In considering the right of a defendant charged with patent infringement to raise the issue of invalidity by counterclaim, the court said in Altvater v. Freeman, 319 U.S. 359, 363, 364, 63 S.Ct. 1115, 1117, 87 L.Ed. 1450: "To hold a patent valid if it is not infringed is to decide a hypothetical case. But the situation in the present case is quite different. We have here not only bill and answer but a counterclaim. Though the decision of non-infringement disposes of the bill and answer, it does not dispose of the counterclaim which raises the question of validity. Sola Electric Co. v. Jefferson Electric Co., 317 U.S. 173, 63 S.Ct. 172, 87 L.Ed. [165], is authority for the proposition that the issue of validity may be raised by a counterclaim in an infringement suit. The requirements of case or controversy are of course no less strict under the Declaratory Judgments Act, 48 Stat. 955, 28 U.S.C. § 400,[2] than in case of other suits. United States v. West Virginia, 295 U.S. 463, 475, 55 S.Ct. 789, 793, 79 L.Ed. 1546; Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 325, 56 S.Ct. 466, 473, 80 L. Ed. 688; Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617; Maryland Casualty Co. v. Pacific Coal & O. Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826. But we are of the view that the issues raised by the present counterclaim were justiciable and that the controversy between the parties did not come to an end (United States v. Alaska S. S. Co., 253 U.S. 113, 116, 40 S.Ct. 448, 64 L.Ed. 808) on the dismissal of the bill for non-infringement, since their dispute went beyond the single claim and the particular accused devices involved in that suit."

A situation somewhat comparable to that in the present case was considered in Kohloff v. Ford Motor Co., D.C., 29 F.Supp. 843. In that case the plaintiffs in their amended complaint alleged infringement of two patents and also asserted a claim for the adoption of an idea conceived by the plaintiffs. Later they withdrew their claim relative to infringement of the two patents.

2. Now 28 U.S.C.A. §§ 2201, 2202.

In its supplemental answer and counterclaim the defendant asked for a declaratory judgment determining that the plaintiffs' two patents were invalid and not infringed. In denying the plaintiffs' motion to strike the counterclaim, the court said in part, 29 F.Supp. at page 845:

"Defendant contends that if it did not plead this counterclaim for a declaratory judgment it might at some future date, if it were to bring a separate action for a declaratory judgment, be confronted with a claim by the plaintiffs that the defendant should have pleaded in this action a counterclaim for a declaratory judgment. * *

"The counterclaim sets forth a cause of action for a declaratory judgment. It pleads facts showing that an 'actual controversy' exists between the parties to this action. It pleads the fact that not only have the plaintiffs notified the defendant of the alleged infringement by the defendant of the plaintiffs' aforementioned patents, but that plaintiffs actually sued the defendant under the aforementioned first cause of action, claiming an alleged infringement by defendant of the said two patents. The need for the relief sought by defendant in its counterclaim is also apparent. The voluntary discontinuance by plaintiffs of their first cause of action for the alleged patent infringement would not prevent plaintiffs from bringing a similar action at some future date. * * * A controversy exists between the plaintiffs and the defendant, in respect to the alleged patent infringements, as the term 'controversy' is defined and explained by Chief Justice Hughes in Aetna Life Insurance Company v. Haworth, 300 U.S. 227, at pages 240, 241, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000. The defendant may properly seek by its counterclaim in this action a judicial determination of that controversy."

In the case of Lackner Co., Inc., v. Quehl Sign Co., 6 Cir., 145 F.2d 932, 934, the court said: "We are aware that the Supreme Court has recently held that to hold a patent valid if it is not infringed is to decide a hypothetical case. Altvater v. Freeman, 319 U.S. 359, 363, 63 S.Ct. 1115, 87 L. E. 1450. In that case there was a decision of noninfringement, but nevertheless the

Supreme Court held that the counterclaim attacking validity was not disposed of by dismissal of the bill. Here, as pointed out, there has been no decision of noninfringement, and infringement is still asserted. Also the public aspect of the question calls for a decision on the counterclaim, just as in the Altvater case. The exclusive right conferred by a patent is a monopoly permitted only because of the public benefit to be derived from the invention. The maintenance of the public interest is the dominant concern of the patent law; profit to the patentee is secondary. Densmore v. Scofield, 102 U.S. 375, 378, 26 L.Ed. 214; Kendall v. Winsor, 62 U.S. [322] 323, 328, 21 How. 322, 16 L.Ed. 165; United States v. Masonite Corp., 316 U.S. 265, 278, 62 S.Ct. 1070, 86 L.Ed. 1461. Moreover, as pointed out in the concurring opinion in Aero Spark Plug Co., Inc., v. B. G. Corp., 2 Cir., 130 F.2d 290, 293, the public interest in patent cases must at present be defended by the private litigant. The patent law does not authorize nor make provision for the assertion of invalidity of patents by any public representative; yet the public interest requires that issues of this kind, seriously raised, should be litigated and decided. While Altvater v. Freeman, supra, involves facts which are slightly different, we think that the decision supports our conclusion. It was there held that in spite of the finding that the reissue patents in suit were not infringed, the controversy between the parties on the counterclaim which attacked the validity of the reissue patents did not come to an end. Here, as there, the dispute of the parties went far beyond the particular accused device involved in the suit. It involved the very existence of the patent right."

In the case of Schering Corporation v. Gilbert, 2 Cir., 153 F.2d 428, the plaintiff sued for infringement of its patent No. 2,345,384, and the defendants' counterclaim alleged that the patent was invalid. At the trial the plaintiff relied only on claim 2. In holding that the defendants' counterclaim also put in issue the validity of claim 4, the court said, 153 F.2d at page 433: "But the situation in respect to Claim 4 which the trial judge did not feel called

upon to consider requires a different conclusion. There was an actual controversy in respect to that claim despite the failure of the plaintiff to rely upon it at the trial. The plaintiff not only had threatened the defendants with the patent as a whole but the accused compound which was conceded to be an infringement of Claim 2 was but one of the multitude of compounds embraced within Claim 4, and, if that claim is valid, infringed that as well. The validity of Claim 4 was put directly in issue by the defendants' counterclaim and no immunity could be given it by the plaintiff's subsequent disclaimer of reliance upon it. Moreover, the public interest involved in a patent suit requires that, where infringement has been shown if claims are valid, the validity of all claims thus in issue should be decided. Bresnick v. United States Vitamin Corp., 2 Cir., 139 F.2d 239; Picard v. United Aircraft Corp., 2 Cir., 128 F.2d 632; Mercoid Corp. v. Mid-Continent Investment Co., 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376."

See also Airolite Co. v. Fiedler, 2 Cir., 147 F.2d 496; F. E. Myers & Bros. Co. v. Goulds Pumps, Inc., D.C., 7 F.R.D. 416; Phillips Petroleum Co. v. Shell Development Co., D.C., 6 F.R.D. 406; Knaust Bros., Inc., v. Goldschlag, D.C., 28 F.Supp. 188.

In 6 Cyclopedia of Federal Procedure, 3d Ed., § 16.29, pages 46, 47, it is stated: "As to whether in a suit for patent infringement defendant may now counterclaim for a declaratory judgment the authorities in the past were not in harmony. On the one hand, it was held proper to counterclaim for declaratory judgment to have a patent held invalid and not infringed where the complaint alleged infringement. * * * On the other hand, it was held that in view of Rule 41(a), a counterclaim seeking declaratory relief on the issues involved in the main action is redundant and should be stricken. *However, the Supreme Court has now settled the question that in a patent-infringement suit, the defendant can by counterclaim seeking a declaratory judgment assert the invalidity of the patent.*"

In 1 Barron and Holtzoff, Federal Practice and Procedure, § 400, pages 818, 819, it is stated:

"The procedure in actions for declaratory judgments is governed by the Federal Rules of Civil Procedure [28 U.S.C.A.] and as a natural corollary a counterclaim for declaratory relief has become recognized as a convenient catalyst which may bring to adjudication in one proceeding all the controversies of the parties. * * *

"Thus in patent litigation the alleged infringer may by counterclaim set up the invalidity of the patent and demand a declaratory judgment that the patent is invalid and not infringed. * * * The advantage of interposing such a counterclaim is that it prevents the plaintiff from dismissing his complaint and leaving the defendant without an adjudication on the issues of validity and infringement."

Furthermore, the courts have recognized that, aside from the private rights of the parties in patent litigation, it is in the public interest that all questions relative to the validity of the claims of a patent should be litigated and determined. In the case of Sinclair & Carroll Co., Inc., v. Interchemical Corporation, 325 U.S. 327, at page 330, 65 S.Ct. 1143, at page 1145, 89 L.Ed. 1644, the court said: "There has been a tendency among the lower federal courts in infringement suits to dispose of them where possible on the ground of non-infringement without going into the question of validity of the patent. Irvin v. Buick Motor Co., 8 Cir., 88 F.2d 947, 951; Aero Spark Plug Co. v. B. G. Corp., 2 Cir., 130 F.2d 290; Franklin v. Masonite Corp., 2 Cir., 132 F. 2d 800. It has come to be recognized, however, that of the two questions, validity has the greater public importance, Cover v. Schwartz, 2 Cir., 133 F.2d 541, and the District Court in this case followed what will usually be the better practice by inquiring fully into the validity of this patent."

See also Schering Corporation v. Gilbert, 2 Cir., 153 F.2d 428; Lackner Co., Inc., v. Quehl Sign Co., 6 Cir., 145 F.2d 932.

In the present case, subsequent to filing its complaint generally alleging infringe-

ment of its patent, plaintiff has attempted to limit its charge of infringement and the scope of the litigation to claims 2, 4, and 7. This is in effect the same as an attempt to dismiss its action as to the remaining six claims. In considering a comparable situation in Lackner Co., Inc., v. Quehl Sign Co., supra, the court said, 145 F.2d at page 934: "In addition, we think the case is squarely controlled by Rule 41(a) (2) of the Federal Rules of Civil Procedure, * * which provides, 'If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.' "

See also 2 Barron and Holtzoff, Federal Practice and Procedure, § 913, pages 623–625.

The plaintiff cites and relies upon Lambert v. Dempster Bros., Inc., D.C., 1940, 34 F. Supp. 610.[3] This district court decision, which appears to support the plaintiff's contention in the present case, was prior to Kalo Inoculant Co. v. Funk Bros. Seed Co., supra, decided by the Court of Appeals for the seventh circuit in 1947, and also prior to Altvater v. Freeman, supra, decided by the Supreme Court of the United States in 1943. This court is disposed to follow the well reasoned opinions in the Kalo and Altvater Cases and other authorities cited which support the defendant's position.

In summary the court concludes (1) that the plaintiff's complaint, the defendant's answer and counterclaim, and the plaintiff's reply clearly created an "actual controversy," within the meaning of the declaratory judgments act, as to the validity and infringement of all claims of the patent in suit; (2) that to avoid a multiplicity of suits, for the future protection of the parties, and in the public interest, the questions as to the validity of all claims of the patent and, if valid, as to the defendant's alleged infringement thereof should be determined in the present litigation; and (3) that the defendant by its counterclaim for a declaratory judgment properly raises the issues of invalidity and infringement as to all claims of the patent.

Therefore, the plaintiff's motion to strike the defendant's counterclaim, except as to claims 2, 4, and 7 of the patent, should be denied. An order will be entered accordingly. No costs will be allowed in connection with the plaintiff's motion to strike.

The present action continues for determination on the merits as to the issues of validity and infringement of all claims of the patent in suit.

---

3. See also Hann v. Venetian Blind Corporation, D.C., 1936, 15 F.Supp. 372.