**CUTTING ROOM APPLIANCES CORP.,**
Appellant.

v.

**WEATHERBEE COATS, Inc., Appellee.**

No. 12931.

United States Court of Appeals
Sixth Circuit.

Dec. 10, 1957.

Henry L. Burkitt, New York City,
Trumar A. Herron, of Wood, Herron

& Evans, Cincinnati, Ohio, on brief, for
appellant.

Edward F. Levy (of Amster & Levy),
New York City, for appellee.

Before ALLEN, MARTIN and
McALLISTER, Circuit Judges.

PER CURIAM.

Plaintiff-appellant is the undisputed
owner of the legal title to United States
Letters Patent No. 2,520,895, for a
"Sheet Material Spreading Machine."
The machine facilitates the spreading
of bolt cloth upon a cutting table in uni-
form superimposed layers, so that nu-
merous identical pieces can be cut in
a single operation. Appellant alleges that
appellee, Weatherbee Coats, Inc., has in-
fringed the aforesaid letters patent "by
using or causing to be used" machines
embodying the invention set forth there-
in; and prays that appellee be enjoined
from further infringement and that it be
required to account for profits. Appellee,
by way of counterclaim, prays for judg-
ment dismissing the complaint and for
a declaratory judgment that it has not
infringed this patent which it asserts is
void and invalid with respect to each of
its forty-two claims.

The manufacturer of the accused ma-
chine, Lion Machine Corp., although not
a party to this action, assumed the cost
of defending this action and has con-
trolled the defense throughout the pro-
ceedings.

In a concise memorandum opin-
ion dated February 3, 1956, District
Judge Connell found "that the evidence
adduced at trial clearly and satisfactorily
shows that the prior art, as established
by the 'Sussman,' 'Regal' and 'Model
A' machines, reads on and/or anticipates
the claims of the patent in suit. The
Court finds that the substitution of
mechanical structures made by plaintiff
on its 'Gilbert' machine does not amount
to invention. * * * The 'Gilbert' ma-
chine also operates in exactly the same
way; mechanical equivalents being sub-
stituted to perform the same operations."
Pursuant to these findings, the district

**40**

court held the patent in suit invalid as to each of the forty-two claims thereof by virtue of prior arts in public use and sale for more than one year prior to the date of the application for the patent. This holding was based on the authority of Title 35 U.S.C. § 102(b); Smith & Griggs Mfg. Co. v. Sprague, 1887, 123 U.S. 249, 8 S.Ct. 122, 31 L.Ed. 141; and National Biscuit Co. v. Crown Baking Co., 1 Cir., 1939, 105 F.2d 422.

■ Having carefully reviewed the memorandum opinion of the district judge, the detailed record in the case (including physical exhibits in evidence set up for the enlightenment of this court), and the comprehensive briefs of counsel as supplemented by their oral argument, we are unable to find error. Aware of the heavy burden of proof resting upon the assailant of these letters patent, the trial judge has made findings of fact which are decisive of the issues in suit, inasmuch as they are supported by substantial evidence and are not clearly erroneous.

The judgment of the district court is affirmed.