**COLD METAL PRODUCTS COMPANY** and The Youngstown Research and Development Company, Defendants-Appellants,

v.

**E. W. BLISS COMPANY, Plaintiff-Appellee.**

No. 13998.

United States Court of Appeals Sixth Circuit.

Dec. 21, 1960.

William H. Webb, Webb, Mackey & Burden, Pittsburgh, Pa., and Howard F. Burns, Baker, Hostetler & Patterson, Cleveland, Ohio, Morton Burden, Jr., Pittsburgh, Pa., Joseph R. Robinson, Jr., John M. Webb, Pittsburgh, Pa., on brief, for appellants.

Charles H. Walker, New York City, James H. Tilberry, Williams, Tilberry & Golrick, Cleveland, Ohio, Donald E. Degling, Fish, Richardson & Neave, New York City, on brief, for appellee.

Before McALLISTER, Chief Judge, and MILLER and CECIL, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

This action is another suit among the many that have been instituted over the past twenty-five years, involving patents for the cold rolling of metal in strip form. It was filed in the District Court by the appellee E. W. Bliss Company, hereinafter called Bliss, on May 27, 1955, seeking a declaratory judgment that Lockwood U. S. Patent No. 2,706,422, entitled "Metal Rolling," hereinafter referred to as the Lockwood patent, was invalid. This appeal was taken from a judgment declaring the patent invalid.

The complaint prayed for an injunction against the defendant-appellant, The Cold Metal Products Company, hereinafter called Cold Metal, as the sole owner of the patent, and those in privity with it, from threatening or prosecuting any action against Bliss or against any customers of Bliss, charging either direct or contributory infringement of the Lockwood patent. Cold Metal filed an answer stating that it was the owner of the Lockwood patent but denying that the patent was invalid. It also denied that any justiciable controversy existed between the parties under the Declaratory Judgment Act, Sections 2201 and 2202, Title 28 U.S.C. and for that reason prayed that the complaint be dismissed for lack of jurisdiction. The motion to dismiss for lack of jurisdiction was overruled by the District Court.

Cold Metal states in its brief that although it believes the Court lacks jurisdiction under the Declaratory Judgment Act, the appeal is not being pressed on that point, but the issue is called to the Court's attention for whatever action it might wish to take. We are of the opinion that the order of the District Judge overruling the motion to dismiss for lack of jurisdiction was proper and it is accordingly affirmed.

In the District Court the action was consolidated for hearing with three other actions involving the validity of Steckel Patents Nos. 1,779,195 and 1,744,016 relating to improved mills and methods for the rolling of hot and cold metals in strip or sheet form. The District Judge discussed at length in the same opinion the Steckel patents and the present Lockwood patent, the opinion being reported at E. W. Bliss v. Cold Metal Process Co., 174 F.Supp. 99. It deals with the Lockwood patent at page 134, to which reference is made.

With respect to the rulings on the Steckel patents, four appeals were taken, namely, Nos. 13,994, 13,995, 13,996 and 13,997. These appeals have been disposed of in a separate opinion handed down this day, to which reference is also made That opinion refers by cited cases to the extensive litigation which has been engaged in involving patents in this particular field. The opinions in those cases are more than sufficient to state the problems in the steel industry, to the correction of which the Steckel patents and the Lockwood patent were directed. In addition, the opinion of the District Judge in the present appeal involving the validity of the Lockwood patent contains a thorough and detailed discussion of the patent and the prior art, together with the reasons of the Court for holding the patent invalid. We have given careful consideration to the large record in this

case and to the thorough and detailed briefs and responsive briefs of the respective parties, but in view of the foregoing, and particularly the thorough opinion of the District Judge in this case, we will limit this opinion to a statement of the issues presented and the rulings thereon with the reasons therefor, without detailed discussion thereof.

Application for the Lockwood patent was filed May 2, 1947. The patent issued April 19, 1955, to Cold Metal as assignee of Lockwood. Thereafter, on or about December 30, 1957, the patent was assigned to The Youngstown Research and Development Company, which is a co-appellant with Cold Metal in this appeal.

■ The Lockwood patent is a method patent containing 9 claims relating to the rolling of metal in strip form. Basically, the Lockwood method comprises passing a strip between small work rolls of a straight 4-high mill to effect a substantial reduction, supplying a substantial amount of the power required by tension on the strip, and supplying a substantial amount of the power required by driving the backing rolls of the mill. The specification describes it as follows:

"Thus it will be seen that the entire drive for the work rolls is a frictional drive, that this frictional drive extends throughout substantially the entire length of the roll faces, and that there is a balancing of the torque applied to the work rolls. That part of the power for driving the work rolls supplied through the driving of the backing rolls is transmitted to the work rolls by the frictional engagement of the rolls which extends throughout the roll faces. That part supplied through the pull on the strip is likewise transmitted to the work rolls by the frictional engagement between the strip and the work rolls, and it extends throughout substantially the length of the roll faces. This latter frictional force has a forward component whereas the former force has a rearward component with the result that there is a bal-

ancing of forces which serves to hold the small work rolls in line in the mill. All bending of the work rolls is eliminated and, since there is no twisting of the work rolls, such as is encountered when they are directly driven, extreme accuracy can be achieved along with the other advantages mentioned below."

Claim 1 of the patent reads as follows:

"The method of cold reducing metal in strip form in a mill of the 4-high type having a pair of work rolls and a backing roll for each work roll the work rolls and the backing rolls being arranged in frictional engagement with each other and in alignment with their longitudinal axes in substantially the same vertical plane, which comprises the steps of passing the strip back and forth between the work rolls to effect a substantial reduction in the thickness of the strip, applying a forward tension on the delivered strip of sufficient magnitude to supply a substantial portion of the power required to move the metal between the rolls and reduce it in thickness, and at the same time positively driving the backing rolls and thereby driving the work rolls by the frictional engagement between the backing rolls and the work rolls to thereby supply a substantial part of the power required to reduce and deliver the strip."

In nontechnical language the substance of the claimed invention is that a "substantial portion" of the power required to move the metal between the rolls and reduce it in thickness is supplied by applying a forward tension on the delivered strip and, at the same time, a "substantial part" of the power required is supplied by driving the backing rolls and thereby driving the work rolls by the frictional engagement between the backing rolls and the work rolls. The other claims define the power distribution necessary to operate the method in varying ways, but the substance of the invention remains the same. In specific claims, the

power distribution is defined as 50% contributed by both the tension on the strip and positive backing roll drive. In others, the amount supplied by tension is defined as either 20–70% of the power applied to the backing rolls or 20–70% of the total power used to reduce and deliver the strip. Claim 2 calls for a power distribution, in which both tension on the strip and the positive backing roll drive contribute "an appreciable portion" of the total power required for reducing the metal.

The District Judge found the patent to be invalid (1) as lacking in invention and (2) because anticipated by the Athenia Steel Company mills. He also found that Claim 2 was anticipated by the General Electric mill.

### Athenia Steel Company Mills

The District Judge found that since about 1929 Athenia Steel Company has had in operation in its plant in Clifton, New Jersey, several 4-high mills with driven backing rolls and equipped with tension reels, and that since these mills responded to the description of the mills upon which the Lockwood method was carried out, the only point open to question was what tensions were used on those mills prior to Lockwood's date of conception. Appellants contend that the tensions used were not within the range claimed as the Lockwood method. In this regard the depositions of the rollers who operated the mills during the period in question were offered to establish the degree of tension they used. Also, on August 6, 1958, instrumented tests were run on these mills by Bliss and the results tabulated.

The District Judge, after discussing the tests, recognized that some of the data was inaccurate and that there was some degree of error in the calculations, but held that on the overall picture, the Athenia tests showed that the mills utilized a full range of tensions extending through that claimed as the Lockwood method, and that, from all the evidence the operation of the Athenia mills was carried out over a full range of tensions covering and anticipating the Lockwood method.

Appellants challenge the accuracy of the tests, particularly in view of the District Judge's recognition of some degree of error in the data and the calculations therefrom. They also contend that Bliss failed to establish that the tension found in the mill at the time of the tests was the same as that used upon these mills in their operation prior to the Lockwood invention, and that, accordingly, similarity of conditions, necessary to make the tests admissible, was lacking. Detroit, T. & I. R. Co. v. Banning, 6 Cir., 173 F.2d 752, 756, certiorari denied 338 U.S. 815, 70 S.Ct. 54, 94 L.Ed. 493.

Since no instruments were used upon these mills in their operation prior to the Lockwood invention, we are relegated to the testimony of rollers, who either operated the mills or observed their operation, testifying some eleven years or more after the operations took place, to prove what degree of tension, if any, was used in their operation prior to the Lockwood invention.

It is well settled that the party attacking the validity of a patent on the ground that it is anticipated by prior use, has the burden of proving such prior use by clear, satisfactory evidence beyond a reasonable doubt. The Barbed Wire Patent (Washburn & Moen Mfg. Co. v. Beat 'Em All Barbed-Wire Co.), 143 U.S. 275, 12 S.Ct. 443, 36 L.Ed. 154; Smith v. Hall, 301 U.S. 216, 233, 57 S.Ct. 711, 81 L.Ed. 1049; United Parts Mfg. Co. v. Lee Motor Products, Inc., 6 Cir., 266 F. 2d 20, 24. Oral testimony, without corroboration, is open to suspicion and is insufficient to establish prior use. Smith v. Hall, supra, 301 U.S. 216, 222, 57 S.Ct. 711, 81 L.Ed. 1049; National Latex Products Co. v. Sun Rubber Co., 6 Cir., 274 F.2d 224, 231, certiorari denied 362 U.S. 989, 80 S.Ct. 1078, 4 L.Ed.2d 1022.

Considering the evidence in its entirety, particularly the uncertainty of the oral testimony of the rollers and the admitted errors in the data and the calculations therefrom, we are of the opinion that the appellee did not sustain "the

heavy burden of persuasion which rests upon one who seeks to negative novelty in a patent by showing prior use." Smith v. Hall, supra, 301 U.S. 216, 233, 57 S.Ct. 711, 718, 81 L.Ed. 1049; United Shoe Machinery Corporation v. Day Wood Heel Company, 6 Cir., 46 F.2d 897, 898. Accordingly, we disagree with that portion of the District Court's ruling holding that the Lockwood patent was anticipated by the Athenia mills.

## Invention

Although we do not agree with the ruling of the District Judge with respect to prior use by the mills of the Athenia Steel Company, the judgment can nevertheless be affirmed if we concur in his ruling that the Lockwood patent is invalid as lacking in invention.

■ This question must be considered in the light of the following well settled legal principles. A patent may not be obtained if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Altoona Publix Theatres v. American Tri-Ergon Corp., 294 U.S. 477, 486, 55 S.Ct. 455, 79 L.Ed. 1005; Sec. 103, Title 35 U.S.C. Commercial success without invention does not constitute patentability. L. M. Leathers' Sons v. Goldman, 6 Cir., 252 F.2d 188, 191. The question whether an improvement requires mere mechanical skill or the exercise of the faculty of invention is one of fact, and the finding of the District Court must be accepted by the Court of Appeals unless clearly erroneous. Thomson Spot Welder Co. v. Ford Motor Co., 265 U.S. 445, 446, 450, 44 S.Ct. 533, 68 L.Ed. 1098; O'Leary v. Liggett Drug Co., 6 Cir., 150 F.2d 656, 661, 666, certiorari denied 326 U.S. 773, 66 S.Ct. 232, 90 L.Ed. 467; Stubnitz-Greene Spring Corp. v. Fort Pitt Bedding Co., 6 Cir., 110 F.2d 192, 196; Steffan v. Weber Heating & Sheet Metal Co., 8 Cir., 237 F.2d 601, 602.

The following background will be referred to before we discuss the proceedings in the Patent Office resulting in the issuance of the patent.

■ The application for the Lockwood patent was filed in 1947, the year in which Steckel Patents Nos. 1,779,195 and 1,744,016, involved in the companion appeals, expired. As shown by the opinion in those cases, Steckel 016 involved a 4-high mill with the work rolls being driven substantially, largely, or principally by tension on the strip. The driven backing roll mill itself was old in the art. Chartener Patent No. 1,522,473 (1922); Steckel Patent No. 1,857,670 (1927); Sendzimir Patent No. 2,169,711 (1940); Klein & Rieger Patent No. 2,287,380 (1942).

In February 1943 Lockwood wrote to his patent counsel with reference to the idea of driving the backing rolls on a 4-high mill, proposed some years previously by Alonzo B. Montgomery. The letter also referred to the Sendzimir mill and the advantage of very small work rolls. His letter closed as follows:

"Please consider the above and based upon your knowledge of the prior art, let us know what chances you think there would be to secure a patent on the idea."

His patent counsel answered:

"I acknowledge receipt of your letter of February 8th in regard to Mr. Montgomery's proposal to drive the backing rolls on a 4-high anti-friction bearing mill and to supply a portion of the power in this way and the balance of the power by pull on the delivered strip.

"I have given consideration to this proposal and am of the opinion that it will not be possible to obtain patent protection thereon for the reasons stated below.

"It is not new to drive the backing rolls on a 4-high anti-friction bearing mill. Nor is it new in mills of this type to employ small working rolls."

He also stated that Steckel had disclosed the combination of strong forward tension and small work rolls and the thought of supplying a part of the power by tension on the delivered strip. The letter closed with the following statement:

"In view of the above, and particularly in view of the Fansteel and American Steel & Wire Company mills in which small work rolls are employed in conjunction with the driving of the backing rolls, I feel that there is little, if any, chance of obtaining patent protection on Mr. Montgomery's suggestion. Accordingly, I recommend against the filing of an application thereon."

However, on October 14, 1944, patent counsel again wrote Lockwood stating he had given further consideration to the prior art mills referred to in the previous letter, and that although it would not be possible to get broad protection on a 4-high mill in which the backing rolls were driven, "there is one very important feature on which protection may be obtainable, namely, the supplying of a part of the power for driving the mill and reducing the metal through the backing rolls and a part through tension on the delivered strip." He suggested that Lockwood proceed further with experimental work and that at a later time further consideration be given to the desirability of filing an application thereon. Later correspondence in February 1952 shows that patent counsel was "somewhat pessimistic about the patent situation * * * by reason of the Klein patent disclosures" and by his recognition that the Klein patent, to which we will hereinafter refer, disclosed a cold rolling mill in which the backing rolls were driven and also the use of tension on the strip.

The fears of Lockwood's patent counsel proved well founded. In the proceedings in the Patent Office, the original claims 1–14 were rejected by the Examiner as lacking in invention, reference being made to McBain 2,157,739, Steckel 1,857,670, Sendzimir 2,169,711, and Chartener 1,522,473. McBain disclosed a reversible mill equipped with winding and unwinding reels on opposite sides of the rolls and powered by motors for the purpose of maintaining and regulating tension on the strip. Steckel was a 4-high reversible hot mill with either the working rolls or the backing up rolls being driven as desired. Sendzimir provided for tension in combination with small work rolls, supported by intermediate backing rolls of the cluster type. Chartener, like Steckel, taught that it was old to drive the backing rolls. These claims were then cancelled and seven new claims substituted. These claims were also rejected by the Examiner, reference being made to McBain, Steckel, and Klein & Rieger 2,287,380. Klein & Rieger disclosed a 4-high temper mill with a driven backing roll and tension on the strip. Lockwood then filed an amendment cancelling all of his claims and adding nine new ones, which are the claims now under consideration, in an apparent attempt to avoid McBain, Steckel, and Klein & Rieger. Counsel urged upon the Examiner that there was no disclosure in the Klein patent of the use of tension of such magnitude as to provide a substantial portion of the power for driving the mill and that the Klein mill was for temper rolling rather than for substantial reductions. The Examiner rejected all of the claims in the application, holding them unpatentable over McBain, Steckel, and Klein & Rieger.

The Board of Appeals reversed the decision of the Examiner. It held that there was no disclosure in Klein & Rieger that the amount of tension exerted on the strip was sufficient to supply that portion of the power required to move the metal between the rolls and reduce it in thickness as was called for in the claims, but that, to the contrary, the disclosure seemed to indicate that the tension was of a relatively low order. It also held that McBain merely disclosed that which Lockwood admitted to be old, namely, the all-pull and the part-pull, part-work drive methods, and that although Steckel stated that the strip was delivered under ten-

sion, it did not, in any way, indicate that the tension was of the order set forth in the claims, and that in its opinion the method set forth in the Lockwood claims was not suggested either individually or collectively by Steckel or McBain. The Board of Appeals opinion did not discuss the Sendzimir prior art patent and publications which, in the opinion of the District Court and in our opinion, was an important factor for consideration in reaching a conclusion in this case.

The District Judge did not agree with these conclusions of the Board of Appeals. In holding that the Lockwood patent was invalid as lacking in invention, he pointed out that although the Steckel mill was a hot mill, in which the tension was not as heavy as in cold rolling, it did not involve invention for Lockwood to adopt Steckel's principle of driven backing rolls with tension and apply it to cold rolling with the degree of tension customarily employed in that field; that Lockwood and Klein operated on the same principle, namely, driven backing rolls and tension on the strip; that the difference in tension was only one of degree; that although the Lockwood mill was for reducing and the Klein mill was for tempering, the only difference in their mode of operation was in the total amount of power being supplied to the system; and that it was not invention for Lockwood to take Klein's mill and increase his power values, thereby producing enough power in the tension reel so as to respond to the Lockwood claims.

The District Judge rejected appellee's contention that the Lockwood patent was anticipated by the Sendzimir patent and by prior publications relating thereto for the reason that in his opinion the patent was too uncertain in its disclosure of a backing roll drive and that the publications failed to cover the tension aspect of the Sendzimir patent. However, taken together, they indicated to him a lack of invention in Lockwood, in that in 1942 anyone familiar with both the patent and the articles could have produced a Sendzimir mill which would have been an anticipation of Lockwood.

He also found additional support for his finding of lack of invention in the exchange of correspondence between Lockwood and his patent counsel in February 1943, hereinabove set out, showing the thinking at that time of an able lawyer skilled in patent matters that the Lockwood conception was not patentable.

We concur in the reasoning of the District Judge and in the conclusion to which it led that the Lockwood patent was invalid as lacking in invention. This view of the case makes it unnecessary to discuss claim 2 of the patent in the light of the General Electric mill, involving the construction of the word "appreciable," about which the parties disagree, and also the question of infringement. General Motors Corp. v. Estate Stove Co., 6 Cir., 203 F.2d 912, 916–917, certiorari denied 346 U.S. 822, 74 S.Ct. 37, 98 L.Ed. 348.

The judgment is affirmed.