STERLING ALUMINUM PRODUCTS,
INC., Plaintiff-Appellant,

v.

BOHN ALUMINUM & BRASS CORP.,
Defendant-Appellee.

No. 14472.

United States Court of Appeals
Sixth Circuit.

Feb. 3, 1962.

Lawrence C. Kingsland, John H. Bruninga, St. Louis, Mo., for appellant, Alfred E. Wilson, Dearborn, Mich., on the brief.

Karl B. Lutz, Pittsburgh, Pa., for appellee, Rockwell T. Gust, Butzel, Eaman, Long, Gust & Kennedy, Detroit, Mich., on the brief.

Before MILLER, Chief Judge, and WEICK and O'SULLIVAN, Circuit Judges.

O'SULLIVAN, Circuit Judge.

This appeal involves the validity of Patent No. 2,771,328, issued on March 20, 1956, and owned by plaintiff-appellant, Sterling Aluminum Products, Inc., herein referred to as Sterling. Appellant brought this action against defendant-appellee, Bohn Aluminum & Brass Corporation, referred to herein as Bohn, for infringement of such patent and for unfair competition. Bohn denied infringement and counterclaimed for a declaratory judgment declaring the patent to be totally invalid. After trial, the District Judge dismissed the complaint and gave judgment to Bohn, declaring the patent invalid and void in toto.

The complaint charged Bohn with infringement of the patent without excluding from such charge any of the fourteen (14) claims thereof. Bohn's answer and counterclaim asserted invalidity of the entire patent. Upon pretrial hearing, Sterling restricted its charge of infringement to claims 2, 6, 7, 10 and 14. Upon the imminence of trial, Sterling further limited such charge to its claims 7 and 10. The District Judge, however, held that the validity of all the claims of the patent had been placed in issue by the complaint and the counterclaim; that these pleadings presented an "actual controversy" within the intendment of § 2201, Title 28 U.S.C.A. Judgment was entered upon the basis of such finding.

The patent issued described its subject as a Piston Ring Groove Protector. Pistons now in use in automobiles and

trucks, whether of gasoline or diesel power, are almost universally made of aluminum. These pistons have grooves therein to carry the piston rings. While the ring grooves of the standard passenger motor vehicles are not ordinarily reinforced, the heavier duty motors of trucks, tractors, etc., are latterly having one or both of the sides of some of the grooves reinforced by an insert made of a ferrous metal harder than aluminum. This reinforcement functions to reduce the wear and impact on the ring grooves from the hammering thereon during the reciprocations of the piston. Such wear and distortion of the ring grooves results in a loosening of the piston rings, allowing leakage of gas past the ring and other undesirable consequences described in the testimony.

The particular device involved may be generally described as a flat metal ring, or disc. The disc is serrated on its outer periphery. It is placed in a piston casting mould in such manner that when aluminum is poured into the mould in the process of making the piston casting, the disc becomes integrated into the piston. The aluminum, upon cooling, shrinks inwardly, thereby bonding the disc to the body of the piston. Upon the machining of the grooves into the casting, the metal ring becomes a part of either the upper or lower (or both) of the facings of the groove.

Sterling and Bohn are both manufacturers of aluminum pistons for the automobile industry. Bohn had been manufacturing pistons for Ford Motor and General Motors. It had employed various types of metal ring groove protectors in making such pistons. Chevrolet became acquainted with the particular type of ring groove protectors described in the Sterling patent. It suggested that Bohn use the same in substitute for forms suggested by Bohn. Bohn's witnesses testified that it did adopt the Sterling disc, not because it provided a better method of ring groove protection, but because its dimensions were such that it could be used without changing the dimensions of, or reengineering, the piston desired by

Chevrolet. Bohn used the so-called Sterling protector in several hundred thousand pistons made for Chevrolet. Infringement is admitted if Sterling's patent is valid.

Bohn attacked the validity of the patent upon its charge that every part of the alleged invention of the patent was already within the public domain by reason of the prior art (Title 35 U.S.C.A. § 102), and that whatever differences there were between Sterling's device and the prior art were such that, "the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." (Title 35 U.S.C.A. § 103.) The District Judge sustained such defense.

On this appeal, Sterling challenges the District Court's finding of invalidity of its patent and asserts in the alternative that such a finding should have been limited to claims 7 and 10 of the patent, and in any event, that if all claims were in issue, its claims 2, 4, 6, and 14 should have been adjudged valid. Prior to judgment, the District Judge filed a revised opinion containing Findings of Fact and Conclusions of Law. That opinion is reported as Sterling Aluminum Products, Inc. v. Bohn Aluminum & Brass Corporation, D.C., 187 F.Supp. 879. In it is found a complete discussion of the issues and the facts of the case and we, therefore, do not extend our recital beyond the foregoing.

 The review by this court of the findings of fact made by a District Judge in a patent case are subject to the limitations of Rule 52(a), F.R.Civ.P., 28 U.S. C.A., and will not be set aside unless clearly erroneous. Gibson-Stewart Co. v. Wm. Bros Boiler & Mfg. Co., 264 F.2d 776, 779 (C.A.6, 1959), affirmed, 360 U.S. 929, 79 S.Ct. 1448, 3 L.Ed.2d 1544; United Parts Mfg. Co. v. Lee Motor Products, Inc., 266 F.2d 20, 25–26 (C.A.6, 1959); Cutting Room Appliances Corp. v. Weatherbee Coats, Inc., 250 F.2d 39, 40 (C.A.6, 1957); Graver Tank Mfg. Co. v. Lunde Air Prod. Co., 336 U.S. 271, 274, 69 S.Ct. 535, 93 L.Ed. 672, 676. Facts finally in-

ferred from undisputed facts likewise will not be set aside by us unless clearly erroneous. Commissioner v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218. The findings of fact made by the District Judge in this case, though not stated or labeled separately as such, are not clearly erroneous. His final inferences of fact drawn from undisputed facts are not clearly erroneous. The District Judge specially found that the "cast anchoring" process, whereby the shrinking of aluminum on the metal disc anchored it into the body of the piston, held by him to be the core of the claimed invention, had been anticipated by cited prior art. He likewise found that the use of recesses in the margin of the disc to facilitate such process would have been obvious at the time of the patent to a person having ordinary skill in the art. Such a finding is one of fact and unless clearly erroneous, will not be set aside by us. Cold Metal Products Co. v. E. W. Bliss Co., 285 F.2d 244, 248 (C.A.6, 1960); Thompson Spot Welder Co. v. Ford Motor Co., 265 U.S. 445, 44 S.Ct. 533, 68 L.Ed. 1098; affirming 281 F. 680, 683, 684 (C.A.6, 1922); United Parts Mfg. Co. v. Lee Motor Products, Inc., 266 F.2d 20, 25 (C.A.6, 1959). We do not find it to be clearly erroneous. Consequently, since the standard of invention set by Section 103, Title 35 U.S.C.A., was not met by the Sterling device, the device is not patentable. Great A. & P. Tea Co. v. Supermarket Equip. Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162.

The basic element of all 14 claims of Sterling's patent was a metal ring, or disc, to be moulded into an aluminum piston. Common to all the claims was a design to provide such discs with perforations along the inner or outer margins thereof, or holes in the body of the ring between such margins. These recesses, or holes, were of such dimension that upon casting, the aluminum would flow through such recesses or holes and, with cooling, shrink against the metal to provide a secure anchorage of the metal disc. The employment of the greater coefficient of contraction of aluminum over ferrous metals was not new and was disclosed in the prior art. Patents and one advertisement cited by Bohn as prior art, disclosed the use of metal rings, integrated into aluminum pistons, to serve as ring groove protectors. The patent with all its claims, if valid, would have granted a monopoly to Sterling upon the use of this known science in connection with any piston ring groove protectors which had recesses located anywhere in the protector. We agree with the District Court that an actual controversy as to the validity of the entire patent had been created by the pleadings, and that it was appropriate to adjudicate this controversy in its entirety. Lackner Co. v. Quehl Sign Co., 145 F.2d 932 (C.A.6, 1944); Kawneer Co. v. Pittsburgh Plate Glass Co., D.C., 103 F.Supp. 671.

We are in agreement with the District Judge's conclusions of law. The judgment of the District Court is affirmed upon the opinion of District Judge Ralph M. Freeman, reported as Sterling Aluminum Products, Inc., v. Bohn Aluminum & Brass Corporation, D.C., 187 F.Supp. 879.