**BRUNSWICK CORPORATION, Plaintiff,**

v.

**OUTBOARD MARINE CORPORATION,**
**Defendant.**

**No. 67–C–85.**

United States District Court
E. D. Wisconsin.

March 12, 1969.

Elwin A. Andrus, Milwaukee, Wis., for plaintiff; Guenther W. Holtz and Glenn O. Starke, Milwaukee, Wis., of counsel.

Robert E. Clemency, Milwaukee, Wis., for defendant; S. L. Wheeler, Milwaukee, Wis., of counsel.

## OPINION AND ORDER

REYNOLDS, District Judge.

This action for infringement arises under the patent laws of the United States, Title 35 U.S.C. §§ 271, 281, et seq. Defendant denies infringement and alleges that the patent in question is invalid. Defendant has also filed a counterclaim for declaratory judgment on the issue of the patent's validity. Plaintiff, in turn, has moved under Rule 12(f) of the Federal Rules of Civil Procedure for an order of this court striking defendant's declaratory judgment counterclaim on the grounds that it is redundant, sham, and frivolous. The parties have submitted briefs on this motion and indicated their desire that the matter be decided on the basis of the briefs submitted.

Plaintiff contends that the defendant's counterclaim should be stricken be-

cause (1) it fails to raise any issue for declaratory adjudication that is not already raised by the complaint and answer, and (2) it lacks a basis in the complaint to the extent that it covers claims of the patent as to which the plaintiff does not allege infringement.

The issue, therefore, is whether a defendant to a suit for patent infringement may counterclaim for a declaratory judgment as to the validity of the patent in suit. On this point, the authorities have not always been in accord. It now appears, however, that the Supreme Court has given its approval to the procedure whereby the defendant in a patent infringement suit asserts the invalidity of the patent in question by means of a declaratory judgment counterclaim. Altvater v. Freeman, 319 U.S. 359, 63 S.Ct. 1115, 87 L.Ed. 1450 (1943); Kalo Inoculant Co. v. Funk Bros. Seed Co., 161 F.2d 981 (7th Cir. 1947), rev'd on other grounds, 333 U.S. 127, 68 S.Ct. 440, 92 L.Ed. 588 (1948); Kawneer Co. v. Pittsburgh Plate Glass Co., 103 F. Supp. 671 (W.D. Mich. 1952).

■ An alleged infringer is interested not only in being absolved of liability for any claimed infringement but also in having the court reach a determination regarding the validity of the patent in suit. It is only when the court reaches a determination as to both of these issues that the defendant's rights in the subject matter of the patent are completely resolved. While district courts have been encouraged to dispose of both of these issues [Sinclair & Carroll Co. v. Interchemical Corp., 325 U.S. 327, 65 S. Ct. 1143, 89 L.Ed. 1644 (1945)], the possibility nevertheless remains that a court will dispose of an infringement suit on the ground of noninfringement without going into the validity of the patent in question. For this reason, I am of the opinion that the defendant is entitled to obligate this court to rule on the issue of validity by means of filing a declaratory judgment counterclaim. A defendant is entitled to know not only whether his allegedly infringing manufacture is in fact infringing, but also whether the patent confers upon plaintiff any rights whatsoever with regard to the subject matter of the patent.

Plaintiff's second contention is that the counterclaim is insufficient to the extent that it puts in issue the validity of claims as to which the plaintiff does not intend to rely. The complaint alleges infringement of the patent in suit without specifying any certain claims thereof. Plaintiff's answer to Interrogatory 1, however, indicates that plaintiff intends only to rely on claims 1–6 and 9 of the patent. Defendant's counterclaim, by comparison, goes to the validity of the patent as a whole.

■■ On this issue it appears clear that all of the claims of this patent have been put in issue. The fact that the plaintiff itself put the whole patent in issue by failing to specify any particular claims in its complaint created an "actual controversy" with respect to all claims within the meaning of 28 U.S.C. § 2201 when defendant denied infringement and alleged invalidity of the whole patent in its answer. Having done so, it would appear that plaintiff cannot now deprive defendant of an adjudication as to all claims of the patent. Furthermore, the objective of the Declaratory Judgment Act to avoid multiplicity of litigation and the interest of the public in the validity of a patent also require that the validity of all claims be determined whenever, as here, it is both possible and practical. Kalo Inoculant Co. v. Funk Bros. Seed Co., supra; Sterling Aluminum Products, Inc., v. Bohn Aluminum & Brass Corp., 187 F.Supp. 879 (D.C. 1960), aff'd, 298 F.2d 538 (6th Cir. 1962); Kawneer Co. v. Pittsburgh Plate Glass Co., supra.

For the foregoing reasons,

It is ordered that the plaintiff's motion to strike the defendant's declaratory judgment counterclaim should be and it hereby is denied, and plaintiff is ordered to answer.