**PERFECTION–COBEY COMPANY, DIVISION OF HARSCO CORPORATION, Appellee,**

v.

**CITY TANK CORPORATION, Appellant.**

**No. 78–1041.**

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 8, 1978.

Decided May 3, 1979.

Gerald L. Lett, Washington, D.C. (Peter N. Lalos, Mason, Fenwick & Lawrence, Washington, D.C., Fred C. Alexander, Jr., Boothe, Prichard & Dudley, Alexandria, Va., on brief), for appellant.

Edward J. Kondracki, Arlington, Va. (William B. Kerkam, Jr., Cameron, Kerkam, Sutton, Stowell & Stowell, Douglas E. McKinley, Arlington, Va., on brief), for appellee.

Before BUTZNER, HALL and PHILLIPS, Circuit Judges.

PER CURIAM:

This case involves U.S. Patent No. 3,797,680, a combination patent for a packing mechanism on rear loading refuse trucks that was issued to James Dennis and assigned to City Tank Corporation. City Tank appeals a judgment declaring the patent invalid and uninfringed by devices on Perfection-Cobey Company's Routemaster trucks. We affirm in part, vacate in part, and remand.

I

■ City Tank first contends that the district court failed to accord the patent a presumption of validity and based its conclusion that the claimed invention was obvious on clearly erroneous findings of fact. City Tank also argues that the court applied the wrong legal test in reaching the judgment of non-infringement. City Tank believes that the court should have found literal infringement.

The district court held that evidence of the prior art overcame the presumption of validity. Specifically, the court found that the use of stub shaft hinges and channel-shaped reinforcing members on packer panels was well known among designers of rear loading refuse trucks. It found that the combination of these old elements simply performed a known function in a well-

known way. The court therefore concluded that the patent was invalid because the claimed invention was obvious. The district court also found that the accused device did not use stub shaft hinges, which are critical elements of the claimed invention. Consequently, the court held that the accused device did not infringe City Tank's patent.

We perceive no error in the district court's findings of fact and conclusions of law on these issues. Accordingly, for the reasons stated by the district court, we affirm the rulings that patent claims 1, 2, 3, and 7 are invalid and that Perfection-Cobey's Routemaster does not infringe those claims.

II

■ City Tank next contends that, in this suit under the Declaratory Judgments Act, 28 U.S.C. §§ 2201–2202, the district court had no jurisdiction to rule on the validity of the entire patent because the parties had a substantial and continuing dispute over only the infringement of patent claims 1, 2, 3, and 7. City Tank also believes that the judgment invalidating the entire patent is erroneous because the final pretrial order limited the triable issues in this case to the validity of the disputed claims.

We conclude that the district court had jurisdiction. The record does not show the dispute to be so clearly limited that the court could not find a justiciable controversy over the validity of the entire patent. See Sterling Aluminum Products, Inc. v. Bohn Aluminum & Brass Corp., 298 F.2d 538 (6th Cir. 1962).

■ Although City Tank should have raised its claim under the pretrial order by a motion to amend the judgment, we do not believe—as Perfection-Cobey argues—that failure to move for an amendment necessarily forecloses consideration of the issue on appeal. Pretrial orders are designed to expedite litigation and eliminate surprise by framing the issues remaining for trial. But if the parties actually litigate without objection issues not raised in the order, there is little reason to enforce pretrial elimina-

tion of the issues. The trial court can treat the pretrial order as amended by the consent of the parties. *See Mains v. United States*, 508 F.2d 1251, 1259 (6th Cir. 1975); *Bucky v. Sebo*, 208 F.2d 304, 305 (2d Cir. 1953). In such a case, the court properly can enter a judgment that decides issues outside the scope of the original pretrial order.

■ The parties in this case disagree on whether they actually tried the entire patent. The district court's opinion notes that the other claims in the patent "are dependent upon claim 1 for their validity," but the record does not show whether the parties could present additional evidence with respect to the patent claims not identified in the pretrial order. We therefore vacate the part of the judgment that invalidates patent claims other than claims 1, 2, 3, and 7, and remand for the district court to determine whether the parties actually litigated or wish to litigate the remaining claims in the patent. After giving the parties an opportunity to adduce new evidence and arguments on the remaining patent claims, the district court may amend the pretrial order and enter an appropriate judgment.

Accordingly, the judgment is affirmed insofar as it invalidates claims 1, 2, 3, and 7 of Patent No. 3,797,680 and declares that Perfection-Cobey has not infringed those claims. The judgment is vacated insofar as it invalidates other claims in the patent, and the case is remanded for further proceedings consistent with this opinion.

*Affirmed in part; Vacated in part; and Remanded.*